[No. 6,719.—Department Two.]
## G. W. CLARK ET AL. v. THOMAS FOWLER.

PARTNERSHIP—EVIDENCE.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Thirteenth District Court, Tulare County. CAMPBELL, J.

*Atwell & Bradley,* for Appellants.

*W. W. Cross,* for Respondent.

The COURT:

There are but three points on this appeal which it is necessary for us to notice.

Th  first is, that the note sued on was given by a partner to his copartners, and therefore an action at law will not lie, it appearing from the evidence that there has been no final settlement of the partnership dealings. The Court finds, however, that the note was given by defendant to plaintiffs, in considera-

tion of the purchase by the former from the latter of all the plaintiffs' interest in and to all of the partnership property and stock on hand undisposed of at that date.

The Court further finds, that "said promissory note was executed at the time of the dissolution of said copartnership, and was not any part of said copartnership affairs and transactions."

The evidence fully sustains these findings, and it is therefore unnecessary for us to determine the legal question so ably argued on this appeal. The note was not given in the course of partnership dealings, and did not arise out of any partnership transaction. It was executed after the dissolution of the firm, and was given in consideration of a sale by plaintiffs to defendant of their interest in the remaining partnership property.

The second point relates to Exhibit B. It is claimed, that, when Exhibit B was offered in evidence, its introduction was objected to, and the objection was not passed upon by the referee.

In the recent case of *Montgomery* v. *Donnelly*, *ante*, p. 68, this Court says: " The counsel for defendant, however, insists that the record does not show that the patents offered in evidence were introduced or read in evidence; and there is no direct statement that they were. As each was offered, an objection was interposed and overruled. This we think to be the equivalent of a statement that each was admitted in evidence. A direct statement to that effect would be more satisfactory, but we do not feel called upon to reverse the judgment on that ground." But it does not appear from the transcript that Exhibit B was before the Court, as a part of the evidence taken and reported to the Court by the referee.

There is another point made by the defendant, to the effect that is was not competent for the Court, in an action at law, to inquire into the partnership dealings; but it is a sufficient answer to this objection to say that the defendant instituted the inquiry, and was not prejudiced by it.

The judgment and order are affirmed.