[Civ. No. 6113.   Fourth Dist.   Nov. 18, 1958.]

JAMES M. McALLISTER, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Barton C. Sheela, Jr., for Petitioner.

James Don Keller, District Attorney, and Gordon Thompson, Jr., Deputy District Attorney, for Respondents.

SHEPARD, J.—Defendant was charged with burglary. He was arrested on July 25, held until July 28 without having been before a magistrate, and then interrogated at some length with a codefendant named York by police officers Stephens and Jensen. Without defendant's knowledge a tape recording was made of this interrogation.

At the preliminary examination proof of the corpus delicti was had through the owner of the burglarized business and his employee. Proof of the defendant's participation in the burglary came through the testimony of Jensen, who related defendant's admissions during the interrogation of July 28. During the cross-examination of Jensen the fact of the existence of the tape recording came to life for the first time. Thereafter, defendant's counsel called Jensen as defendant's own witness and asked him whether or not at the time the interrogation of the 28th started the officers had already connected the defendant with the burglary, and the officer answered "Yes" through another person unnamed. Also, defense counsel asked about what had been said relating to probation if defendant pleaded guilty. Implicitly assumed in all of the direct examination by defense counsel were defendant's admissions of

participation in the burglary, as recounted while a witness for the People. At the end of this examination defense counsel demanded the production of the tape record and the court refused to compel it. Thereafter, defendant was held to answer to the superior court, an information was filed charging defendant with burglary, and the matter was set for trial.

At the trial, defendant duly moved that the information be set aside on the ground that the order of the committing magistrate holding defendant to answer was not supported by competent evidence. At the same time, and separately, defendant moved for an order of the trial court requiring the prosecution to afford to the defendant an inspection of the tape recording of defendant's interrogation taken July 28. In support of defendant's motion to inspect evidence, defendant submitted the affidavit of defense counsel and of the defendant to the effect that the defendant is not now able to remember all of the material covered by the interrogation of July 28, nor what was said thereat, and that he cannot safely proceed to trial without refreshing his recollection by an inspection of the tape record.

The People contend that the writ of mandate ought not to issue because it appears from the cross-examination of Sergeant Jensen that the defendant at that time did recall what he had related to the officers, and because the trial judge read the transcript of the tape recording at the time of the hearing of the motion for inspection and declared:

"I have read these two transcripts and I will say this: I have never before read a transcription of an examination of a police officer or a defendant or defendants that I think is more fair to the defendant. There is not one thing in these transcriptions here that would help your client one iota," and that the trial court's exercise of discretion is binding upon this court.

The first difficulty presented with this argument is that neither the defendant nor this court has any idea what it was that the trial court read. As far as defendant knows, it could have been a statement by some other defendant connected with some other case and not involved in the case at bar at all. Likewise, there is nothing before this court from which this court can say that the trial judge's discretion was properly or improperly exercised. On matters of this kind, involving a purported statement by the defendant himself, which was the chief connecting link of the prosecution's case

at the preliminary examination which might reasonably be expected to be used in the trial of the People's case, there is no proper way by which the trial court can blindfold a defendant and secretly exercise a discretionary power.

■ In *People* v. *Riser*, 47 Cal.2d 566, 586-588 [305 P.2d 1], the court said:

"Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state has no interest in denying the accused access to all evidence that can throw light on issues in the case, and in particular it has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits. To deny flatly any right of production on the ground that an imbalance would be created between the advantages of prosecution and defense would be to lose sight of the true purpose of a criminal trial, the ascertainment of the facts. . . .

■ "Obviously a defendant cannot show conclusively that a document is admissible without seeing it, and yet in order to see it he is told that he must show that it is admissible. . . . Defendant was unable to prove conclusively that the statements were in a form warranting use for impeachment only because the prosecution kept them in its exclusive control."

■ In a similar situation the Supreme Court in *People* v. *Carter*, 48 Cal.2d 737, 753 [312 P.2d 665], said:

"It is clearly unfair to deny the defendant an opportunity to show that the extracts have been taken out of context, and that when read with other parts of the statement the alleged inconsistency disappears. To be effective such an opportunity must include the right to see the transcript the prosecution has used; the witness' memory of what he said is not enough."

In *Powell* v. *Superior Court*, 48 Cal.2d 704, 709 [312 P.2d 698], involving a similar petition for inspection of the transcript of a tape recording made under comparable circumstances, the Supreme Court in ordering a peremptory writ of mandamus requiring an appropriate order of inspection said, quoting from a Missouri case:

" 'The state in its might and power ought to be and is too jealous of according a defendant a fair and impartial trial to hinder him in intelligently preparing his defense and in availing himself of all competent material and relevant evidence that tends to throw light on the subject-matter on trial.' "

The case of *Vance* v. *Superior Court*, 51 Cal.2d 92 [330 P.2d 773] Los Angeles No. 25125, decided October, 1958,

is the most recent decision on this subject and amply covers without any other citations the right of a defendant to an inspection of the document involved.

On defendant's contention that there was no competent evidence at the preliminary hearing to connect the defendant with the offense charged the defendant's point might be good if it were not for the fact that the defendant himself called Officer Jensen to the witness stand as his own witness and his questions, brief though they were, implicitly assumed for foundation purposes all of the admissions related in the previous examination of that witness.

It is perfectly true that a defendant may not be committed for trial when there is no competent evidence to support a belief that he is guilty of a public offense. However, if there is evidence sufficient to support the decision of the magistrate, even though some of the magistrate's decisions were in error, prohibition will not lie. (*Mitchell* v. *Superior Court,* 50 Cal.2d 827, 829 [330 P.2d 48].)

The next point the petitioner makes is that the interrogation taken of defendant by Officer Jensen on the 28th of July, was at a time the defendant was being illegally held and that, therefore, under the rule announced in *Mallory* v. *United States,* 354 U.S. 449 [77 S.Ct. 1356, 1 L.Ed.2d 1479], such evidence ought not to be received.

This rule has not been accepted by the Supreme Court of the State of California.

"A pretrial confession is admissible, so far as due process is concerned, if it is voluntarily made. . . . The test ordinarily used by the state courts to determine the admissibility of a confession is, whether, considering all the circumstances, it was freely and voluntarily made without any inducement held out to the accused. (See 19 A.L.R.2d 1332, 1336-1346; 20 Am.Jur., Evidence, § 482.) Since the McNabb case, the state courts that have had occasion to reevaluate their test of admissibility as it applies to a confession made during illegal detention continue to treat delay in arraignment as only one of the factors to be considered in determining whether the statement was voluntarily made." (*Rogers* v. *Superior Court,* 46 Cal.2d 3, 10 [291 P.2d 929]; *People* v. *Bashor,* 48 Cal.2d 763, 765 [2] [312 P.2d 255].)

The writ of prohibition is denied.

Let a peremptory writ of mandamus issue requiring the respondent court to set aside its order denying the petitioner

an inspection of the documents in question and to issue an appropriate order of inspection with the right to take copies as sought.

Griffin, P. J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.