[Civ. No. 9765. Third Dist. July 24, 1959.]

DONALD SMITH BRENARD, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent.

Robert W. Cole, Public Defender, and Floyd V. Gibbert, Assistant Public Defender, for Petitioner.

Stanley Mosk, Attorney General, G. A. Strader, Deputy Attorney General, and John M. Price, District Attorney, for Respondent.

SCHOTTKY, J.—Petitioner herein, Donald Smith Brenard, has been charged with one count of manslaughter in the driving of a motor vehicle and three counts of violating section 501 of the Vehicle Code. He seeks a writ of prohibition to restrain the superior court from proceeding with the trial of the action until the superior court orders pretrial inspection of certain documents.

Prior to the day set for trial petitioner, through his counsel, sought pretrial inspection of the following reports made and prepared by the California Highway Patrol:

"(1) Accident reports identifying vehicles involved, persons involved, injuries to individuals involved, and arrangements made for treatment of injured persons;

"(2) Reports concerning blood taken from the defendant, DONALD SMITH BRENARD, and any other individuals involved in the accident, for the purpose of determining alcoholic blood content thereof, or for any other purpose;

"(3) Diagrams prepared by the California Highway Patrol depicting the scene of the accident, and location of vehicles, and point of impact;

"(4) Statements made by the defendant and recorded by the California Highway Patrol;

"(5) Statements made by other individuals involved in the accident and recorded by the California Highway Patrol;

"(6) Names and addresses of witnesses not involved in the accident, and statements taken and recorded from such individuals by the California Highway Patrol;

"(7) Photographs taken at the scene of the accident and of vehicles involved; and

"(8) All other reports relevant and material which were recorded by the California Highway Patrol."

 The record presented in this court only discloses that the motion for pretrial inspection was made and argued before the respondent court and that the motion was denied. There is nothing in the record to indicate what transpired at the hearing or whether or not affidavits in support of the motion were filed in the court; whether or not other evidence was received; and whether or not any stipulations were made.

Petitioner did receive from the California Highway Patrol a traffic accident report in which was set forth the names and addresses of the persons involved in the accident and the arrangements made for the treatment of the persons injured in the accident but "no information concerning apparent injuries observed by investigating . . . Officers." It is not clear from the record whether or not this information was received before or after the motion was argued before the superior court.

During oral argument before this court, petitioner's counsel filed an affidavit in which it was asserted that the Bureau of Criminal Identification and Investigation had refused to give counsel the results of the analysis of petitioner's blood for alcoholic content; that counsel was told that if he desired such information he must get it from the highway patrol or the district attorney; that the investigation reports of the California Highway Patrol are available to law enforcement and prosecuting agencies; and that subsequent to the filing of this petition counsel contacted the highway patrol officer who investigated the accident and sought to elicit information from him, but he was informed that the officer would not discuss the matter without consulting with and obtaining the permission of his superiors.

At oral argument, counsel for petitioner admitted that he was given the result of the blood test, but apparently he was not given the report itself.

■ Preliminarily, it should be pointed out that petitioner has mistaken his remedy. Mandamus, not prohibition, is the proper writ to compel the pretrial inspection of material in the hands of the prosecution. (*Powell* v. *Superior Court*, 48 Cal.2d 704 [312 P.2d 698] ; *McAllister* v. *Superior Court*, 165 Cal.App.2d 297 [331 P.2d 654].) However, this court may treat the petition as one for a writ of mandamus. (*Powell* v. *Superior Court, supra.*)

In determining whether or not an appellate court should order a trial court to permit the inspection of documents or other material in the hands of the prosecution or other law enforcement agency, we believe that the question is, as it usually is in mandamus, whether or not the respondent court abused its discretion in refusing to order the act done. ■ As stated in *Walker* v. *Superior Court*, 155 Cal.App.2d 134, 139 [317 P.2d 130] : ''. . . When an application for such [pretrial] discovery is made the trial court has a broad judicial discretion to grant or refuse and it is only when such discretion has been abused that error can be predicated thereon so that mandate will lie.'' In each case decided by the Supreme Court in which pretrial inspection has been granted, a showing was made as to why the information was sought. In *Powell* v. *Superior Court, supra*, the petitioner, who was seeking inspection of signed statements made by him to the police, had alleged by affidavit before the trial court that he was unable to relate to his attorney the matters contained in the statements. In *Vance* v. *Superior Court*, 51 Cal.2d 92 [330 P.2d 773], the petitioner sought to require the prosecution to permit him to listen to his taped conversation with police officers which he could not remember and to a taped conversation between the purported victim and the police which had been played to petitioner during his examination by the police. Affidavits were filed in support of the motion. In *Funk* v. *Superior Court*, 52 Cal.2d 423 [341 P.2d 303], pretrial inspection was sought of statements made to the police which had been recorded through the use of a stenotype machine and of another statement written in longhand by a police officer, with the notes from which the written statements were made. The court said that the showing made by the petitioner was sufficient to entitle him to the production of the documents. In *Tupper* v. *Superior Court*, 51 Cal.2d 263 [331 P.2d

977], the court recognized that it is error to deny production of a statement of a prosecution witness on a proper motion before trial. In *People* v. *Cartier*, 51 Cal.2d 590 [335 P.2d 114], though not a pretrial inspection case, it is said that an accused is entitled to hear recordings of his conversation where he has forgotten what he said at the time he was examined and alleges the recordings are necessary to refresh his memory. No case has gone so far as to state that the denial of a motion for pretrial inspection is an abuse of discretion without a showing before the trial court as to why the material is needed. While in many of the reported cases the showing made is not indicated, impliedly a showing has been made. Unless a proper showing is made before the trial court, and unless the record made before that court is presented to an appellate court, there is nothing before the appellate court from which it can be determined whether or not the trial court has abused its discretion in refusing pretrial inspection. On the record before this court it is impossible to ascertain whether or not there was an abuse of discretion in the instant case. The matter contained in the affidavit filed in this court is not germane to the issue presented on this petition. For that reason the petition must be denied.

What we have said will not prevent the petitioner from renewing his motion before the trial court. If a proper showing were made, petitioner would be entitled to an order requiring that he be furnished a copy of the blood test report since a blood test is not privileged under the provisions of either section 488 or 488.5 of the Vehicle Code. The statement of the petitioner allegedly recorded by the California Highway Patrol would also be subject to inspection if a proper showing were made. A statement made by a driver of a motor vehicle and recorded by a highway patrol officer is not a report which is confidential within the meaning of section 488.5 of the Vehicle Code. There is nothing in such a statement which should be kept confidential from the person who makes it. To release his own statement to a defendant in a criminal case can not defeat the purpose of the statute.

The alternative writ heretofore issued is discharged, the stay order revoked, and the petition denied.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied August 20, 1959.

---

*Assigned by Chairman of Judicial Council.