TAYLOR, J. pro tem.
 
 *
 

 This is an appeal from a judgment rendered in favor of defendants on a jury verdict in a personal injury action. It is urged by plaintiffs that the trial court committed prejudicial error in allowing a witness on redirect examination to read into evidence his prior consistent statement contained in a traffic accident report.
 

 The facts disclose that on May 23, 1956, plaintiff
 
 †
 
 was operating his motorcycle in an easterly direction on Moorpark Avenue near its intersection with South Monroe Street in the city of San Jose, California. At the same time, defendants’ pickup truck was approaching said intersection from a westerly direction on Moorpark Avenue. Defendant Leeman testified he slowed down, and after allowing several ears to pass, commenced a left turn on to South Monroe Street. Plaintiff testified that he was going 25 miles per hour in a steady stream of traffic. The speed limit at Moorpark and South Monroe Street was 35 miles per hour. A collision occurred between plaintiff’s motorcycle and defendants’ truck, causing plaintiff to sustain bodily injuries. Plaintiffs contended that the accident was caused by defendant’s negligence in violating the right of way, and defendants contended that plaintiff was contributorily negligent due to excessive speed and failure to maintain control of his motoreyle.
 

 A witness named Cox testified that defendant had slowed down to five to 10 miles per hour, had given an arm signal for a left turn and was actually facing south when plaintiff’s motorcycle was 75 to 80 yards to the west. He further testified that plaintiff was traveling 35 to 40 miles per hour, did not diminish his speed,
 
 was turning from side to
 
 side, and veered to the right as he approached the intersection.
 

 On cross-examination, plaintiffs’ attorney established that shortly after the accident witness Cox had made an unsuccessful attempt to get "plaintiff to retain a certain attorney, and also endeavored to show that Cox’s statement to the effect that plaintiff’s motorcycle was “weaving around,” had not been given to the police at the scene of the accident and was a
 
 *243
 
 recent fabrication. Over plaintiffs’ objection, the court permitted the witness Cox, on redirect examination, and for the purpose of rehabilitation, to read from the police report a statement made by Cox to the investigating officer at the scene of the accident. The statement made no reference to “weaving” from side to side, but otherwise was generally consistent with his testimony at the trial as to distances, speeds and locations.
 

 It was not error for the court on redirect examination to permit the witness Cox to testify, to prior consistent statements for the purpose of rehabilitation. The Supreme Court of this state in
 
 People
 
 v.
 
 Kynette
 
 (1940), 15 Cal.2d 731, 753-754 [104 P.2d 794], held as follows: “When a witness has been charged with improper motives of interest, or improper influences, or with recent fabrication, the law allows
 
 hearsay
 
 statements to be introduced for the purpose of showing that the same and consistent statements had been made at a time prior to the alleged fabrication or prior to the time the motive of interest existed. Such evidence is then admitted, not to prove the facts of the ease, but as tending to show that the witness has not been controlled by motives of interest, and that he has not fabricated something for the purposes of the case.” (Italics added.)
 

 The trial record clearly shows that counsel for plaintiffs had attempted to establish on cross-examination that Cox’s testimony was characterized by both recent fabrication and improper motivation. The cross-examination might well have left the jury with the impression that Cox had become antagonistic toward the plaintiff after he had failed in his attempt to secure plaintiff’s case for the attorney, and that he had, therefore, added to or changed his testimony. The statement given by the witness to the police officer at the scene of the accident was generally consistent with his testimony at the trial and was prior in time to the alleged fabrication or improper motivation. Thus it was clearly admissible for the limited purpose of rehabilitation after cross-examination.
 

 Counsel for plaintiffs contends that it was improper to elicit the prior consistent statement from the witness Cox himself, but that the officer who took the statement should have been called and subjected to cross-examination. Cox testified that he made the statement as contained in the traffic accident report, and he was subjected to cross-examination on
 
 *244
 
 this testimony. It is not necessary to call the person to whom the statement was made. In this respect, prior consistent identifications are the equivalent of prior consistent statements and it has been held that they may be testified to for the purpose of corroboration and rehabilitation either by the witness himself or by a police officer who observed the prior identification.
 
 {People
 
 v.
 
 Slolodion,
 
 31 Cal.2d 555, 560 [191 P.2d 1].)
 

 Plaintiffs rely on
 
 Buchanan
 
 v.
 
 Nye,
 
 128 Cal.App.2d 582 [275 P.2d 767], for the proposition that Cox’s statement was inadmissible hearsay. This case is clearly not in point. There, the respondent’s counsel was questioning the appellant’s counsel as to an absent witness’ whereabouts and in doing so read the entire witness’ statement from the police report. Neither rehabilitation by prior consistent statements nor any other exception to the hearsay rule was involved and the statement was clearly inadmissible. The court did observe that the statement’s admission was a violation of section 488 of the California Vehicle Code.
 
 *
 

 Plaintiffs also rely on
 
 People
 
 v.
 
 Mayne,
 
 118 Cal. 516 [50 P. 654, 62 Am.St.Rep. 256]. The ease is not in point. There the court held it was error to permit an entry in a family Bible to prove the age of a child victim in a rape ease, when the mother who made the entry was living and in court to testify. The court concluded that such entries are permitted as an exception to the hearsay rule under Code of Civil Procedure, section 1870, only where the relative making the entry is deceased.
 

 The court agrees with plaintiffs’ contention that it was error to permit the witness Cox to read his prior statement to the jury from the official traffic accident report.
 
 {Buchanan
 
 v.
 
 Nye, supra-, Morales
 
 v.
 
 Thompson,
 
 171 Cal.App.2d 405, 407 [340 P.2d 700];
 
 Carroll
 
 v.
 
 Beavers,
 
 126 Cal.App.2d 828, 836 [273 P.2d 56].) Vehicle Code, section 484, provided,
 
 inter alia,
 
 that the California Highway Patrol “may require witnesses of accidents to render reports to it whenever the original report is insufficient,” in their opinion. Vehicle Code, section 488, provided that all “required accident reports” shall be kept confidential, with certain noted exceptions not applicable here, and further provided that “no such report shall be used in evidence in any trial, civil or criminal, arising out of an accident ...” The obvious pur
 
 *245
 
 pose of the section is to encourage parties and witnesses to report accidents completely and truthfully.
 

 Counsel for defendants relies on the eases of
 
 Inouye
 
 v.
 
 McCall,
 
 35 Cal.App.2d 634, 636 [96 P.2d 386], and
 
 Brenard
 
 v.
 
 Superior Court,
 
 172 Cal.App.2d 314 [341 P.2d 743]. These cases are not in point. The Inouye case held the trial court in error in not allowing the defendant’s counsel to examine a report prepared by a highway patrolman from his original notes and used to refresh his recollection on the witness stand. The admissibility of the report in evidence was not in issue. In the Brenard case, the defendant in a criminal case was permitted inspection of his blood test report and his statement to a highway patrolman for the purpose of preparing his case for trial. Here again, admissibility in evidence was not in issue.
 

 Though the traffic accident report, as such, should not have been read into evidence, the error was not prejudicial. An erroneous ruling on evidence does not justify reversal unless the appellate court after consideration of the entire case is satisfied that such error resulted in a miscarriage of justice.
 
 {Dam,
 
 v.
 
 Lake Aliso Riding School,
 
 6 Cal.2d 395, 399 [57 P.2d 1315].) The substance of Cox’s statement was clearly admissible for purposes of rehabilitation. Since six months had expired between the accident and the trial, Vehicle Code, section 488.5, was applicable and the witness’ statement was no longer confidential to the interested parties. The report had somehow found its way into the courtroom and was available to the witness. He could have used the report to refresh his recollection and testified from his own memory without a valid objection. (Code Civ. Proc., § 2047;
 
 People
 
 v.
 
 Allen,
 
 47 Cal.App.2d 735 [118 P.2d
 
 927];
 
 Witkin, California Evidence, § 598, p. 651.) Likewise, the facts could have been testified to by the investigating officer after refreshing his recollection from the statement. Things said in an interview with an officer including statements which thereafter find their way into the traffic accident report are not privileged and can be testified to. The prohibition against admissibility in evidence provided in Vehicle Code, section 488, is limited to the report itself.
 
 {Carroll
 
 v.
 
 Beavers, supra.)
 
 Not only was the substance of the statement admissible, but in' view of the cross-examination of the witness Cox, the jury was entitled to this evidence to properly evaluate his testimony. Counsel for plaintiffs having opened up the subject
 

 
 *246
 
 of recent fabrication, is hardly in a position to object to the introduction of the statement from which he claimed the witness Cox deviated. Plaintiffs “instituted the inquiry, and . . . [were] not prejudiced by it.”
 
 (Clark
 
 v.
 
 Fowler,
 
 57 Cal. 142, 143.)
 

 The judgment is affirmed.
 

 Bray, P. J., and Tobriner, J., concurred.
 

 *
 

 Assigned by Chairman, of Judicial Council.
 

 †
 

 Unless otherwise noted the word “plaintiff” refers to plaintiff Fernandez, and “defendant” refers to defendant Leeman.
 

 *
 

 Reporter’s Note: Vehicle Code citations are to sections as numbered prior to the 1959 reeodifieation.