[Crim. No. 8963.    Second Dist., Div. Two.    Mar. 18, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. LEO ANTHONY GOODLOE et al. Defendants and Appellants.

Leo Anthony Goodloe, in pro. per., and Howard Gershan, under appointment by the District Court of Appeal, for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendants were charged with taking one hundred dollars[1] and a watch from George Simmons in violation of section 211, Penal Code (robbery). Holmes admitted the prior felony conviction while Goodloe admitted two. The case was tried before a jury which could not agree. The court therefore declared a mistrial. The case was retried before a jury which found defendants guilty and fixed the offense at first degree. Pursuant to section 1181, subdivision 6, Penal Code, the degree of the robbery was reduced by the court to second degree. Motions for a new trial were denied as was probation. Defendants were sentenced to the state prison for the statutory term. They have appealed from the judgment. Defendant Holmes has also attempted to appeal from the order denying his motion for a new trial but this order is no longer appealable (Pen. Code, § 1237) and the purported appeal therefrom must be dismissed.

Defendants made a motion for a transcript of the evidence taken at the first trial. Their motion was denied. Later they

---

[1]The hundred dollars consisted of a single bill.

made a motion for a transcript of their testimony only at that trial. This motion was conditionally denied.

Their sole point on this appeal is that the court erred as a matter of law in denying these motions. Defendants do not question the sufficiency of the evidence to sustain their convictions of second degree robbery.

■    The first motion was made on December 10, 1962. The entire record before us on this particular matter is a cryptic one sentence statement in the clerk's transcript of that date which reads: ''Defendants' motion for court order for preparation of transcript of the first trial is argued and denied.'' This motion may be regarded as in the nature of a discovery proceeding. The discovery cases, however, do not appear to look with favor on such unsupported requests. They indicate that a defendant must show some better cause for inspection than the mere desire for the benefit of all information obtained by the People. (*People* v. *Cooper*, 53 Cal.2d 755, 770 [3 Cal.Rptr. 148, 349 P.2d 964]; *People* v. *Lane*, 56 Cal.2d 773, 785-786 [16 Cal.Rptr. 801, 366 P.2d 57]; *People* v. *Curry*, 192 Cal.App.2d 664, 671 [13 Cal.Rptr. 596].)    ■    The statement in *Brenard* v. *Superior Court*, 172 Cal.App.2d 314, 318 [341 P.2d 743], is here apposite: ''No case has gone so far as to state that the denial of a motion for pretrial inspection is an abuse of discretion without a showing before the trial court as to why the material is needed. While in many of the reported cases the showing made is not indicated, impliedly a showing has been made. Unless a proper showing is made before the trial court, and unless the record made before that court is presented to an appellate court, there is nothing before the appellate court from which it can be determined whether or not the trial court has abused its discretion in refusing pretrial inspection. On the record before this court it is impossible to ascertain whether or not there was an abuse of discretion in the instant case.''    ■    It is thus apparent that the trial court has a discretion to exercise in matters of this kind. Consequently some showing must be made in the trial court as to why the transcript is needed before we are in any position to say that the trial judge abused his discretion in denying the request. This requirement seems particularly appropriate in this general area where the transcription of a record may be very costly. On their initial application the record before us reflects no showing whatever. We have simply a request for a transcript of the previous trial and the denial of such request. It, of course, cannot be assumed that error was committed. In the

absence of a record that reveals error, it must be presumed that there was no error. (*People* v. *Walker,* 170 Cal.App.2d 159, 163 [338 P.2d 536].) On the record before us it cannot be said as a matter of law that the trial court abused its discretion in denying defendants' motion.

On January 14, 1963, the first day of the trial, defendants made a motion for a transcript of the testimony they gave at the first trial. The district attorney said that he had a transcript of the testimony of the two defendants which had been prepared at a cost of $75; that he would be glad to supply counsel with a copy, but that he saw no reason for defendants to use a copy as long as they told the truth. Counsel for one of the defendants pointed out that if their clients were impeached, counsel could not easily rehabilitate them without access to their previous testimony. In conditionally denying defendants' request, the court stated: ''That in the event that the defendants testify as witnesses in this case, at such time if the District Attorney uses his copy for the purpose of cross-examining defendants, then the Court will afford defendants' counsel the privilege of reading over either the D.A.'s original copy, or a copy of the transcript of the testimony of the defendants that he says is available, and, if necessary, afford defense counsel ample time to familiarize themselves with the 55 page transcript.''

After defendants completed their testimony, the district attorney stated he had given copies of their testimony at the previous trial to the defense attorneys. This was after the completion of both their direct and cross-examinations. The court offered defense counsel an opportunity to put their clients on the stand for additional testimony after reading the transcript. This was declined. The district attorney stated that the transcript of their testimony at the previous trial was not used by way of impeachment at the current trial and the record here does not indicate otherwise. In this factual context it cannot be said as a matter of law that there was any abuse of discretion in the way this matter was handled. There was no suggestion that defendants had forgotten what occurred or that they had forgotten their previous testimony.

The only other ground that was urged before the trial was that counsel might not be able to rehabilitate their clients if impeached. But the lack of merit in this suggestion is made obvious by the fact there never was any impeachment of the defendants. Furthermore, counsel were offered the use of the

transcript, time to familiarize themselves with it, and an opportunity to put their clients back on the stand if they so desired, which, however, they did not do. Thus they were given a fair opportunity to explain anything that they had said in the first trial contrary to their testimony in this trial. It is apparent that defendants made no showing that a transcript of their previous testimony was of any benefit to them. In the circumstances it is plain that the defendants suffered no prejudice from the manner in which the trial court ruled in this matter.

▮ Defendants make the further contention that a witness used at the first trial failed to appear for the second and that the transcript could have been used to present his testimony. However, at the time of trial there was no demand for a transcript of this witness' testimony. The trial judge was never given an opportunity to rule on such a request. Defendants never made known their desire to use his former testimony. It cannot now be assumed that the trial judge would not have aided these defendants in this particular either by having his testimony transcribed or by having the reporter read his notes. Obviously, error cannot be predicated upon a situation which was never presented to the trial court.

Defendants' reliance on *People* v. *Hollander*, 194 Cal.App. 2d 386 [14 Cal.Rptr. 917] is misplaced. In that case defendant made known the purpose for which he wanted the transcript. On that point the court stated (p. 395) : "Defendant sought the transcript *for the purpose of impeaching witnesses of the People and he said so repeatedly.* (Emphasis added.) Defendant, while acting in propria persona, had attempted to impeach witnesses of the People. *He was frustrated in his efforts because of the lack of the transcript."* (Italics added.) Thus in *Hollander* the purpose for which the transcript was desired was stated and prejudice was shown. In the instant case neither of these elements was present.

The record indicates that the trial court did not abuse its discretion in ruling on either of these matters and that defendants had a fair trial.

The purported appeal by defendant Holmes from the order denying his motion for a new trial is dismissed.

The judgment as to each defendant is affirmed.

Herndon, J., and Roth, J., concurred.

The petition of appellant Goodloe for a hearing by the Supreme Court was denied May 13, 1964.