(Nos. 41906, 41912 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
CUNNINGHAM PURIFY *et al.*, Appellants.

*Opinion filed November 26, 1969.*

HARRY C. McSTEEN, of Joliet, appointed by the court, for appellant.

LOUIS R. BERTANI, State's Attorney, of Joliet, (FRANK-LIN D. BURKEY, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

We allowed leave to appeal the judgment of the Third District Appellate Court in these consolidated cases. (101 Ill. App. 2d 199.) That judgment affirmed the Will County circuit court conviction, in a joint jury trial, of Edward Williamson for burglary, robbery and rape, and of Cunningham Purify for burglary and robbery. The defendants made separate confessions to the State's Attorney, who tape-re-. corded them; at trial, the State's Attorney appeared as a witness to recount the substance of the confessions, but the tapes were not introduced. The central issue here is the admissibility of his testimony in light of section 114—10 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 114—10), which provides that the trial court shall order production of a copy of written confessions, and which bars admission of such confessions when a copy has been

denied. Defendant Purify also claims, on several grounds, that his confessions were involuntary.

Regarding Purify's contention on voluntariness, it is sufficient to state that he claims that denial of counsel and coercion by threats and promises rendered his confessions involuntary. It is clear, however, that the trial judge's determination that the confessions were voluntary was not against the manifest weight of the evidence then presented.

The crimes of which defendants were convicted took place on November 5, 1965, when two men broke into a private residence and robbed the housewife; one of the men raped her. The defendants were arrested separately several days later, and in response to questioning on the morning of November 17, Purify led two officers on a tour of his whereabouts on November 5, including the site of the crimes. That afternoon, and again on November 23, Cunningham Purify confessed the burglary and robbery to the State's Attorney, with Edward Williamson confessing to those crimes on November 24. Each confession was tape-recorded in the presence of the State's Attorney and at least one member of the sheriff's force. On January 7, 1966, Purify's appointed counsel moved for the production of all written confessions pursuant to section 114—10 of the Code of Criminal Procedure:

That section is in part as follows: "(a) On motion of a defendant in any criminal case made prior to trial the court shall order the State to furnish the defendant with a copy of any written confession made to any law enforcement officer of this State or any other State and a list of the witnesses to its making and acknowledgment. If the defendant had made an oral confession a list of the witnesses to its making shall be furnished. * * * (c) No such confession shall be received in evidence which has not been furnished in compliance with subsection (a) of this Section unless the court is satisfied that the prosecutor was unaware of the existence of such a confession prior to trial and that he

could not have become aware of such in the exercise of due diligence."

At the hearing on this motion one week later counsel made his position clear: "* * * we are asking the Court to find that the tape recordings are written, and we be provided with copies of both. We are asking for it within the purview of the law." Following argument off the record, the court announced that, "The ruling of the Court is that the tape-recording is not written confession." On March 4, 1966, three days prior to trial, counsel for Williamson made an identical motion to produce. However, the judge concluded that Williamson's motion did not properly request the tape, stating that, "with respect to one of the matters you raised with this motion being allowed to inspect, examine and hear the tape-recording of said oral confession, you have not made a motion for production of, inspection of, or opportunity to hear such tape recording. I had previously ruled in defendant, Cunningham Purify's, motion that the tape recording is not written confession within the meaning of the Code of Criminal Procedure, and that in the motion of that defendant, Cunningham Purify, to examine, inspect the same and copy the same, the ruling of the Court was, it was denied, so that if you include * * * a motion for production of tape-recording, I want to advise you now that the Court's ruling will be the same." Counsel did not amend his motion, but we conclude that it was not necessary for him to do so, since the unamended motion was itself sufficient to require production of a tape-recording if such is deemed to be within the statutory reference to "written confessions". Thus, both defendants have sufficiently requested the production of written confessions; it remains to be determined whether their requests required production of the tape-recordings, and whether an alleged offer of the tapes to defendant Purify satisfied his request.

Six weeks after Purify's motion to produce was officially denied as to the tapes, and a week and a half prior to trial,

a discussion took place before the court between Purify's counsel and the State's Attorney. The State offered to play the tapes of Purify's confessions and to allow the defense to make a copy, if the defense would enter into two stipulations: (1) "It must be stipulated that these tapes have been in the custody of the State's Attorney.", and (2) "that this is in satisfaction of the motion to produce tape recording." The defense made no objection to the chain of custody stipulation, but pointed out as to the second stipulation that the motion to produce had been made more than a month prior to the State's offer. After a short period of discussion, the assistant State's Attorney announced, "I don't want to get in a big hassle over it," and the discussion ended. The tapes were not produced. It is now the State's contention that the offer satisfied the defense request, but we must agree with the defense that the statutory provision does not permit the State to condition production upon the stipulation here requested. We have not heard the tapes and thus cannot know whether they would have revealed material from which the defendant might have benefitted two months before trial, but which would have been of diminished value when revealed with less than two weeks remaining before trial. Likewise, the defense was not in a position to stipulate, before hearing the tapes, that the six-weeks delay in production of the tapes would not be prejudicial to its preparation for trial. Furthermore, while we express no opinion as to its validity, the defense was entitled to preserve the argument that the court's earlier denial of the motion was an error which the State could not rectify at the last moment, and which therefore should in itself render the confessions inadmissible. It would perhaps be reasonable for the defense to assume that the statute does not allow the court to delay unduly before ordering production of a written confession, and that consequently at some point in time, as the trial draws near, the court's failure to order production would become irremediable by a last-minute offer from the State.

(Cf. *People* v. *O'Connell*, 30 Ill.2d 603; *People* v. *Shockey*, 30 Ill.2d 147.) It is clear in this case that the State's offer to produce, predicated as it was upon a requirement that the defendant make an unwarranted stipulation, did not satisfy the defense motion.

If a court erroneously denies such a motion to produce, the State may yet assure the integrity of a conviction by complying with the request without being ordered by the court, or by refraining from gaining admission of the evidence withheld. The State here argues that it did voluntarily comply with Purify's motion, which we have determined is not the case. Alternatively, the State maintains that the confessions which it withheld were not introduced as evidence: that is, since the State did furnish the names of witnesses to the tape-recording sessions, and the confessions were introduced at trial through the testimony of one such witness rather than by a playing of the tapes, therefore the taped confessions were not actually introduced. To make such a distinction, and treat the confessions as oral simply because the State did so in its presentation of the confessions as evidence, would ignore the purpose of the statute. The statutory reference to "oral confessions" relates to the circumstances surrounding the making of the confession, not the manner of its introduction at trial. The nature of a confession is not determined by the evidence used to prove it at trial, but by the evidence which is available for use. The requirement is designed to afford the defense an opportunity to investigate the circumstances surrounding the confession, and this opportunity was denied the defendants, Purify and Williamson. (See *People* v. *O'Connell*, 30 Ill.2d 603, 608.) The most useful evidence of their confessions was surely the tape-recordings, which reflect the subtleties as well as the substance of the statements and the circumstances which evoked them.

The ultimate question on this issue is thus squarely presented: is a tape-recorded confession within the purview of

the statutory reference to "written confessions" so that the court must order the State to furnish defendants with a copy pursuant to a defense motion? We hold that a tape-recorded confession is "written" for the purpose of the statute. This conclusion has been reached elsewhere in similar instances, (see, *e.g.,* Fed. R. Crim. P. 18 U.S.C.A. 16; *Vance* v. *Superior Ct.,* 51 Cal.2d 92, 330 P.2d 773; *McAllister* v. *Superior Ct.,* 165 Cal. App. 2d 297, 331 P.2d 654; *State* v. *Minor,* 54 Del. 385, 177 A.2d 215.), and we believe it to be clearly in accord with the legislative intent. It was therefore error for the trial judge to deny the defense motions to produce the tape-recorded—"written"—confessions. On the basis of this record, it cannot fairly be said that admission of the confession testimony was not prejudicial; accordingly a new trial must be allowed.

The judgment of the Appellate Court for the Third Judicial District is reversed, and the cause remanded to the circuit court of Will County for a new trial.

*Reverbed and remanded.*