THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD WILLIAMSON, Defendant-Appellant.

(No. 73-34; 

Third District—November 20, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

Richard Orloff, Assistant State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Edward Williamson was convicted in 1966 of rape, burglary and robbery. He was sentenced by the Circuit Court of Will County to 40 to 75 years for the rape, 40 to 75 years for burglary, and 19 to 20 years for the robbery, with the sentences to run consecutively. Convictions were reversed in the Illinois Supreme Court (*People v. Purify*, 43 Ill.2d 351, 253 N.E.2d 437). When the cause was remanded, defendant pleaded guilty to the three charges, and, after a hearing in aggravation and mitigation, defendant was sentenced to concurrent terms of 40 to 75 years for the rape, 40 to 75 years for the burglary and 19 to 20 years for the robbery, with sentences to be served concurrently. On appeal, defendant Williamson contends that the concurrent sentences of 40 to 75 years for rape and 40 to 75 years for burglary and 19 to 20 years for robbery are excessive.

It appears from the record that defendant Williamson together with the codefendant Purify, entered a residence while armed and robbed the woman of $90. Williamson raped the woman and the parties took a television set. The crimes were committed through threats with a knife

and a sawed-off shotgun. The victim was tied with drapes, and, in the presence of her 4-year-old son she was raped by defendant.

It is pointed out that at the time the crime was in progress, defendant Williamson took affirmative action to stop his codefendant Purify from killing the prosecutrix and her child. Defendant also agreed to testify against the codefendant Purify if a retrial occurred. It was pointed out that prior to the commission of the crime, Williamson had consumed a fifth of liquor and had smoked more than two "reefers". It is likewise shown that, during his incarceration, defendant Williamson had completed courses in radio and television repair, had become an artist and learned to play the guitar. He donated money earned from the sale of his paintings to charity. Defendant expressed remorse for his crime and explained he was working to help the younger inmates in the prison. The prison authorities corroborated Williamson's accomplishments and a Catholic priest indicated that Williamson had begun instruction in the Catholic faith and was confirmed in June 1968. He had no prior convictions before those in the instant case. It is contended that the trial judge failed to take into account, evidence of Williamson's rehabilitation when imposing the sentence. See: *People v. Odom*, 8 Ill.App.3d 227, 289 N.E. 2d 663.

■■ The matters relating to defendant's rehabilitation would normally be developed prior to sentencing on the prior remandment of this case or be presented to the parole board for consideration. We have previously remanded the case of Cunningham Purify, the confederate in crime with the defendant, for resentencing by the Circuit Court of Will County. The State had confessed, as it does in this case, under the Unified Code of Corrections, sentences for burglary and robbery are required to be modified so that such sentences have a maximum of 20 years and a minimum of not more than 6 years and 8 months. (*People v. Purify* 14 Ill.App.3d 614.) The convictions in this cause are, therefore, affirmed and this cause is remanded for resentencing of defendant by the Circuit Court of Will County.

Affirmed as modified.

DIXON and SCOTT, JJ., concur.