[Civ. No. 45446. First Dist., Div. Two. Dec. 13, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Defendant and Respondent;
MICHAEL D. MERCER et al., Real Parties in Interest
and Appellants.

COUNSEL

M. Gerald Schwartzbach, Hunkeler, Murphy & Pearson and Walter M. Hunkeler for Real Parties in Interest and Appellants.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

MILLER, J.—In criminal complaints filed in the Municipal Court for the City and County of San Francisco on or about June 14, 1977, defendants Michael D. Mercer and Michael L. Jones (appellants) were charged with the commission of two felonies, i.e., burglary in violation of Penal Code,[1] section 459; and grand theft in violation of section 487. The charges grew out of the burglarizing of Val's Gun Shop at 947 Columbus Avenue in San Francisco, during which six firearms were taken.

Appellants were arraigned on June 15 and 16, 1977, and entered pleas of not guilty to the felonies charged. The matter was set for preliminary hearing in the municipal court at 9:45 a.m. June 28, 1977. Due to the fact that Assistant District Attorney Beckwith, who was assigned to prosecute the case, failed to show up at the preliminary hearing, the municipal judge refused to proceed to examine the witnesses present and/or to take any evidence in the matter. Instead, based upon the absence of the prosecuting attorney, the O.R. reports, the police report and the circumstance that appellants had no prior criminal record, the municipal judge reduced all felony charges to misdemeanors. Thereafter, the court accepted appellants' guilty pleas to misdemeanor violations (Mercer's plea to § 459, Jones' plea to § 487, offenses) and dismissed the remaining charges against them pursuant to section 1385. Deputy District Attorney Erlach, who represented the People in the proceeding, objected to both the reduction of the felony charges to misdemeanors, and to the acceptance of appellants' guilty pleas to the reduced charges.

On August 22, 1977, 55 days after appellants entered their guilty pleas and were sentenced, and 25 days after the time for appeal had lapsed (Cal. Rules of Court, rule 182), the People filed a petition for writ of mandamus in the superior court, requesting that the municipal judge be compelled to vacate the orders made on June 28, 1977, and reinstate the felony complaints. In compliance with the People's prayer, the superior court issued a peremptory writ of mandamus directing the municipal court to set aside the pleas of guilty, vacate the order of dismissal, and reinstate all felony charges stated in the complaints. The appeals at hand are directed at the order of the superior court.

---

[1] Unless otherwise indicated, all further references will be made to the Penal Code of California.

Although the order of the superior court is being assailed on a variety of grounds,[2] the dispositive point made by appellants is that the issuance of the writ was improper because the remedy of mandamus was not sought by the People in a timely manner.

It is well established that a petition for writ of mandamus must be filed within the same statutory period as prescribed for appeals. As the Supreme Court put it in *People* v. *Robinson* (1883) 64 Cal. 372, 373 [1 P. 156], "unless circumstances of an extraordinary character be shown to have intervened, the remedy through a writ of *certiorari* should be held to be barred by the lapse of the same length of time that bars an appeal from a final judgment." (See to the same effect: *Scott* v. *Municipal Court* (1974) 40 Cal.App.3d 995, 996 [115 Cal.Rptr. 620]; *Estate of Glassgold* (1950) 97 Cal.App.2d 859, 863-864 [218 P.2d 1016].) The California law prescribes 30 days for appeal from a judgment or order made in the municipal court. California Rules of Court, rule 182(a), provides in part that "An appeal to the superior court of the county in which such inferior court is located is taken by filing written notice of appeal in the court wherein judgment or order appealed from is rendered or made within 30 days after the rendition of the judgment or the making of the order. . . . If such notice of appeal is not filed as aforesaid within the time required, such appeal shall be void and of no effect."

It is clear that in the case at bench the orders complained of were made in the municipal court on June 28, 1977, and also that the petition for writ of mandate was filed by the People only on August 22, 1977, well beyond the legally permitted time period. Despite the blatant delay in seeking the remedy of mandamus, the People failed to advance any extraordinary circumstance or reason in an effort to explain or justify the late filing of the petition. Under these circumstances, we cannot but hold that the remedy of writ of mandate was not available to the

___

[2]Thus, appellants argue inter alia that the ruling of the municipal court was proper and unassailable because (1) the magistrate was authorized to reduce the felony charges to misdemeanors without the consent of the prosecution (§ 17, subd. (b) (5); *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140]; *Malone* v. *Superior Court* (1975) 47 Cal.App.3d 313 [120 Cal.Rptr. 851]); (2) the municipal court had jurisdiction and authority to accept appellants' guilty pleas to the reduced charges and to dismiss the other charges pursuant to section 1385; (3) the statutory provisions requiring the consent of the prosecutor to the validity of the guilty plea are violative of the constitutional principles of separation of powers (cf. §§ 1192.2, 1192.4); (4) the proper remedy against the dismissal of charges pursuant to section 1385 is appeal (§ 1466); and (5) there is no remedy either by appeal or writ of mandate from the ruling of the magistrate reducing the felony charges to misdemeanors.

People, and as a consequence the order of the superior court issuing the writ has no legal effect.

We briefly note the argument that in the case at bench the remedy of mandamus should be held available to the People because the magistrate acted in excess of his authority in reducing the felonies to misdemeanors, in accepting the guilty pleas to the reduced offenses, and in dismissing the reduced charges against appellants, is obviously mistaken. As the court pointed out in *People v. Hawkins* (1978) 85 Cal.App.3d 960, 968 [149 Cal.Rptr. 855]: "While the office of the prerogative writ may be available to review a claim of jurisdictional excess in cases involving an issue of significant importance (see *People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 501 [72 Cal.Rptr. 330, 446 P.2d 138]), that avenue of review has been effectively denied by the failure of the People to timely seek such extraordinary remedy. (See *People v. Drake* [1977] *supra*, 19 Cal.3d 749, 758 [139 Cal.Rptr. 720, 566 P.2d 622]; *People v. Godfrey* (1978) 81 Cal.App.3d 896, 904-905 [147 Cal.Rptr. 9].)"

In view of our conclusion, the numerous issues raised by the parties need not be decided.

The order is reversed.

Taylor, P. J., and Rouse, J., concurred.