[L.A. No. 31969. Jan. 31, 1985.]

THE STATE OF CALIFORNIA ex rel.
DEPARTMENT OF TRANSPORTATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PHYLLIS E. HALL, Real Party in Interest.

848

COUNSEL

Robert F. Carlson, Joseph A. Montoya, Robert L. Meyer, Peter A. Saporito and Robert W. Vidor for Petitioner.

No appearance for Respondent.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Ralph Courtney III and John Hamilton Scott, Deputy Public Defenders, for Real Party in Interest.

Robert H. Philibosian, District Attorney (Los Angeles), Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, as Amici Curiae.

OPINION

BIRD, C. J.—Does an accused facing criminal charges arising out of an automobile collision have a "proper interest" under Vehicle Code section 20012 in discovering reports of other accidents at the same location?

## I.

Real party in interest, Phyllis Hall, was involved in an automobile accident in which her car collided with another car and five occupants were killed. Ms. Hall was charged with five counts of murder (Pen. Code, § 187), five counts of vehicular manslaughter (Pen. Code, § 192, subd. 3), and one count of drunk driving (Veh. Code, § 23152, subds. (a) and (b)).[1]

Following her arraignment, Ms. Hall served a subpoena duces tecum on the California Department of Transportation (Department) requesting production of accident reports of collisions which had occurred during the years 1980 through 1983 at the location of the incident. The Department refused to disclose the reports,[2] asserting a privilege under sections 20012 and 20014.[3] However, the trial court ruled that Ms. Hall had a "proper interest" in the reports under section 20012 and ordered their disclosure.

[1]All subsequent statutory references are to the Vehicle Code unless otherwise noted.

[2]The Department did furnish Ms. Hall with the reports of her own accident, and with a videotape of the accident scene.

[3]Section 20012 provides: "All required accident reports, and supplemental reports, shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol, except that the Department of the California Highway Patrol or the law enforcement agency to whom the accident was reported *shall disclose the entire contents of the reports,* including, but not limited to, the names and addresses of persons involved in, or witnesses to, an accident, the registration numbers and descriptions of vehicles involved, the date, time and location of an accident, all diagrams, statements of the drivers involved in the accident and the statements of all witnesses, *to any person who may have a proper interest therein,* including, but not limited to, the driver or drivers involved, or the guardian or conservator thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, the owners of vehicles or property damaged thereby, persons who may incur civil liability, including liability based upon a breach of warranty arising out of the accident, and any attorney who declares under penalty of perjury that he represents any of the above persons. . . ." (Italics added.)

Section 20014 provides: "All required accident reports and supplemental reports and all reports made to the Department of the California Highway Patrol by any peace officer, member of the Department of the California Highway Patrol, or other employee of the Department of Motor Vehicles and the Department of the California Highway Patrol, shall be immediately available for the confidential use of any division in the department needing the same, for confidential use of the Department of Transportation, and, with respect to accidents occurring on highways other than state highways, for the confidential use of the local authority having jurisdiction over the highway."

"Required reports" are those reports which must be filed under section 20008. That section provides that "[t]he driver of a vehicle . . . involved in any accident resulting in injuries to or death of any person shall within 24 hours after the accident make or cause to be made a written report of the accident to the Department of the California Highway Patrol or, if the accident occurred within a city, to either the Department of the California Highway Patrol or the police department of the city in which the accident occurred. . . ." These reports must be made on forms which "shall call for sufficiently detailed information to disclose with reference to a traffic accident the cause, conditions then existing, and the persons and vehicles involved." (§ 2407.) The Department of the California Highway Patrol may require supplemental reports from a driver or other witnesses if the initial report is insufficient. (§ 20009.)

The Department seeks review of this order, contending that it contravenes the confidentiality provisions of sections 20012 and 20014. Ms. Hall maintains that she is entitled to copies of the accident reports, since she is a person with a "proper interest" under section 20012. She states that at present she is willing to accept these reports with names and other identifying data deleted, subject to a later request for this information accompanied by a showing of particularized need.

If she is not granted this discovery, Ms. Hall contends that she is entitled to sanctions under Evidence Code section 1042, subdivision (a).[4] The Los Angeles County District Attorney urges that Ms. Hall is entitled to discover the reports. Therefore, he argues, the question of sanctions does not arise. It is in this posture that this petition reaches this court.

## II.

In *Davies* v. *Superior Court* (1984) 36 Cal.3d 291 [204 Cal.Rptr. 154, 682 P.2d 349], this court held that TASAS data,[5] derived from accident reports, is not protected from discovery by the provisions of section 20012. In enacting that statute, *Davies* observed, "the Legislature intended to protect the privacy of the reporting parties by keeping confidential their identities and information that might disclose identity." (*Id.,* at p. 299.) There was no legislative intent to keep confidential "either the fact of the accident or information about its nature and causation." (*Ibid.*) Accordingly, *Davies* adopted "[a] construction [of section 20012] which limits confidentiality of accident reports to the reports themselves and to identifying data . . . ." (*Id.,* at p. 300.)

The party seeking discovery in *Davies*—a civil plaintiff who claimed injuries arising from an automobile accident—sought only TASAS data concerning other accidents at the same location. He sought neither the actual reports of these accidents nor the identifying data. Thus, a majority of this court did not address the question of whether one who is not a party to an accident may have a "proper interest" in the reports of it. (See *id.,* at pp. 302-306 (conc. opn. of Bird, C. J.).)

---

[4]That statute provides that "[e]xcept where disclosure is forbidden by an act of the Congress of the United States, if a claim of privilege [for official information acquired in confidence] under this article by the state or a public entity in this state is sustained in a criminal proceeding, the presiding officer shall make such order or finding of fact adverse to the public entity bringing the proceeding as is required by law upon any issue in the proceeding to which the privileged information is material."

[5]"TASAS is an acronym for a computerized accident data retrieval system, the Traffic Accident Surveillance Analysis System, which stores data on all accidents on the state highway system." (*Davies, supra,* 36 Cal.3d at p. 295, fn. 3.)

Here, Ms. Hall seeks discovery of those reports, although she agrees to the deletion of the names, addresses, or other information which could identify the reporting persons. Accordingly, this court must decide whether a person charged with a crime arising from an automobile accident may have a "proper interest" in reports of other accidents at the same location.

*Davies* involved a discovery request by a civil litigant. Here, the request arises in the context of a criminal prosecution. "Unlike the statutory development of civil discovery in California, the right of an accused to seek discovery in the course of preparing his defense to a criminal prosecution is a judicially created doctrine evolving in the absence of guiding legislation." (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 535 [113 Cal.Rptr. 897, 522 P.2d 305].) "Authority for such discovery derives not from statute but from the inherent power of every court to develop rules of procedure aimed at facilitating the administration of criminal justice and promoting the orderly ascertainment of the truth." (*Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 801-802 [91 Cal.Rptr. 594, 478 P.2d 26].) "Allowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information." (*Pitchess, supra,* 11 Cal.3d at p. 535.)

A ruling on an accused's discovery request must reflect "our fundamental concern that an accused be provided with a maximum of information that may illumine his case. [Citation.]" (*Ballard* v. *Superior Court* (1966) 64 Cal.2d 159, 167 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].) ▮ Thus, an accused should be allowed to discover " 'any unprivileged evidence, or information that might lead to the discovery of evidence, if it appears reasonable that such knowledge will assist him in preparing his defense. . . .' " (*Ballard, supra,* 64 Cal.2d at p. 167, quoting Traynor, *Ground Lost and Found in Criminal Discovery* (1964) 39 N.Y.U. L.Rev. 228, 244, italics omitted.) "Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state has no interest in denying the accused access to all evidence that can throw light on issues in the case . . . ." (*People* v. *Riser* (1956) 47 Cal.2d 566, 586 [305 P.2d 1].)

This court has held that the inherent judicial power to order discovery must be "tempered and restrained" when it potentially conflicts with existing legislation. (*People* v. *Municipal Court (Runyan)* (1978) 20 Cal.3d 523, 528 [143 Cal.Rptr. 609, 574 P.2d 425, 2 A.L.R.4th 681].) ▮ However, the legislative amendments to section 20012, and that statute's judicial construction in *Davies,* demonstrate that section 20012 protects only a limited

privacy interest. That interest would not be impaired by affording discovery in this case.

As *Davies* found, section 20012 is intended to protect the identity of the reporting party from indiscriminate disclosure. (*Davies, supra,* 36 Cal.3d at p. 299.) The Legislature did not intend to preserve the confidentiality of any information about the accident other than the identity of the reporting person. "Since highway accidents are public occurrences, and are often the object of press reports, it seems unlikely that the legislative purpose was to keep confidential either the fact of the accident or information about its nature and causation. Nor is there any reason to protect the identity of the investigating officer since that information is also readily available from other sources. It seems probable, therefore, that the Legislature intended to protect the privacy of the reporting parties by keeping confidential their identities and information that might disclose identity." (*Ibid.*)

Even identifying information is not absolutely confidential under the statute. By its express terms, section 20012 requires disclosure of an entire report to all persons involved in the reported accident. Thus, the reports, including identifying information, are unquestionably available to those persons most likely to be involved in litigation against the reporting party.

The legislative purpose in providing this limited measure of confidentiality is obscure. In *Fernandez* v. *Di Salvo Appliance Co.* (1960) 179 Cal.App.2d 240, 244-245 [3 Cal.Rptr. 609], the Court of Appeal noted that "[t]he obvious purpose of [former section 488, predecessor to present sections 20012 and 20013] is to encourage parties and witnesses to report accidents completely and truthfully." However, *Fernandez* addressed only that portion of former section 488 which provided that accident reports could not be admitted as evidence in any trial. (Stats. 1949, ch. 790, § 2, pp. 1528-1529.)[6] Discovery of such reports was not at issue.

---

[6]Former section 488 provided: "All required accident reports, and supplemental reports, shall be without prejudice to the individual so reporting and shall be for the confidential use of the departments of Motor Vehicles and California Highway Patrol, except that the California Highway Patrol shall disclose the names and addresses of persons involved in, or witnesses to, an accident, the registration numbers and descriptions of vehicles involved, and the date, time and location of an accident, to any person who may have a proper interest therein, including the driver or drivers involved, or the legal guardian thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, and the owners of vehicles or property damaged thereby, or all of them. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or

Furthermore, when *Fernandez* was decided, section 488 did not authorize any pretrial disclosure of accident reports. Thus, *Fernandez*'s interpretation of the Legislature's purpose was logical and persuasive at that time.

After *Fernandez* was decided, the first sentence of former section 488 was amended to authorize disclosure of certain contents of the reports to persons with a "proper interest." (Stats. 1965, ch. 1285, § 1, pp. 3168-3169.)[7] The same amendment expanded the class of persons with a "proper interest" to include persons who might incur civil liability arising out of the accident. (*Ibid.*) More significantly, the 1965 amendment provided that this class included but *was not limited to* the persons enumerated in the statute.[8] A later amendment authorized disclosure of the *entire* report to persons with a proper interest. (Stats. 1969, ch. 19, § 1, pp. 80-81.)[9]

Thus, since the time of *Fernandez*, the Legislature has authorized disclosure of more information to a larger class of persons. These amendments render it difficult to discern a clear legislative purpose to provide a significant degree of confidentiality in accident reports. As the court in *Sherrell* v. *Kelso* (1981) 116 Cal.App.3d Supp. 22, 30 [172 Cal.Rptr. 667] observed, "it is doubtful that a 'confidential' purpose is served today, particularly in light of the 1965 and 1969 legislation authorizing disclosure of the entire report to civil litigants and their attorneys. Certainly no driver is 'encouraged' to admit his liability to an investigating officer when the written statement of that admission is available to the other driver's attorney . . . ."

---

failure to comply with the requirement that such a report be made to the department."

The first sentence of section 488 was later recodified as section 20012. (Stats. 1959, ch. 3, § 2, p. 1663.) The second sentence was recodified as section 20013. (*Ibid.*) Section 20013 now provides that "[n]o [required] accident report shall be used as evidence in any trial, civil or criminal, arising out of an accident . . . ."

[7]The 1965 amendment provided that the discoverable contents of the reports included "the names and addresses of persons involved in, or witnesses to, an accident, the registration numbers and descriptions of vehicles involved, and the date, time and location of an accident, signed statements of the drivers involved in the accident and the signed statements of all witnesses[.]"

[8]Under the 1965 amendment, persons with a "proper interest" included "the driver or drivers involved, or the legal guardian thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, the owners of vehicles or property damaged thereby, and persons who may incur civil liability, including liability based upon a breach of warranty arising out of the accident."

[9]The 1969 amendment provided that the "entire" report included but was not limited to "the names and addresses of persons involved in, or witnesses to, an accident, the registration numbers and descriptions of vehicles involved, the date, time and location of an accident, all diagrams, statements of the drivers involved in the accident and the statements of all witnesses[.]"

However, the *Sherrell* court continued, "the provisions of section 20012 prohibiting unauthorized persons from having access to the reports is not without its significant benefits to the public even today. Officious intermeddlers, cappers, salespersons and others seeking to profit from accidents upon our highways are effectively barred from pursuing their goals." (*Sherrell* v. *Kelso, supra,* 116 Cal.App.3d Supp. at p. 30.)

■ Given this very limited confidentiality requirement, it must be concluded that a person charged with a crime arising from an automobile accident may establish a "proper interest" in obtaining the reports of other accidents at the same location.[10] ■ Whether real party here has demonstrated such a "proper interest" may be determined by established principles of criminal discovery.

■ "[A]n accused in a criminal prosecution may compel discovery by demonstrating that the requested information will facilitate the ascertainment of the facts and a fair trial. . . . The requisite showing may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.' . . ." (*Pitchess, supra,* 11 Cal.3d at pp. 536-537.)

The accused must describe the information sought with a sufficient degree of specificity to preclude the possibility that he is engaged in a "fishing expedition." (*Pitchess, supra,* 11 Cal.3d at p. 538; *People* v. *Municipal Court (Street)* (1979) 89 Cal.App.3d 739, 750-751 [153 Cal.Rptr. 69].) " ' "A showing, however, that the defendant cannot readily obtain the information through his own efforts will ordinarily entitle him to pretrial knowledge of any unprivileged evidence, or information that might lead to the discovery of evidence, if it appears reasonable that such knowledge will assist him in preparing his defense . . . ." (Traynor, *Ground Lost and Found in Criminal Discovery* (1964) 39 N.Y.U. L.Rev. 228, 244 [].)' [Citation.]" (*Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 817 [112 Cal.Rptr. 257, 518 P.2d 1353, 95 A.L.R.3d 820], italics omitted; *Pitchess, supra,* 11 Cal.3d at p. 537.)

An accused need not set forth the defense for which he seeks the information. (See *Pitchess, supra,* 11 Cal.3d at p. 536.) He "is not obliged to

---

[10]Nothing in the language of section 20012 excludes persons involved in other accidents from the class of persons with a "proper interest" in the reports of a given accident. The statute provides that the reports shall be disclosed "to any person who may have a proper interest therein, *including, but not limited to,* the driver or drivers involved . . . ." (Italics added.) It clearly contemplates that persons other than those involved in the reported accident may have a "proper interest" in the reports.

elect between available defenses for the purpose of presenting a discovery motion. Requiring him to do so would run into an immediate conflict with the Fifth Amendment." (*Kelvin L.* v. *Superior Court* (1976) 62 Cal.App.3d 823, 829 [133 Cal.Rptr. 325]; see also *Hill* v. *Superior Court, supra,* 10 Cal.3d at p. 819.)

■ Ms. Hall has met the requirements for discovery of the contents of the reports. Reports of other accidents at the same location may well lead to the discovery of relevant and admissible evidence in her defense.

For example, the murder charges will likely be tried on a theory of implied malice. The trier of fact will need to decide whether (1) Ms. Hall intentionally committed an act with a high probability that it would result in death, and (2) she subjectively appreciated the risk created by her act. (Pen. Code, § 188; *People* v. *Watson* (1981) 30 Cal.3d 290, 300 [179 Cal.Rptr. 43, 637 P.2d 279].) Evidence of other unrelated accidents at the same site, attributable to highway conditions or similar factors, may raise a reasonable doubt on this issue.[11]

In connection with the vehicular manslaughter charges, the trier of fact will most likely need to determine whether Ms. Hall acted with gross negligence, i.e., "the exercise of so slight a degree of care as to raise a presumption of conscious indifference to the consequences." (*People* v. *Watson, supra,* 30 Cal.3d at p. 296; Pen. Code, § 192, subd. 3.) The reports could reasonably be expected to assist her efforts to negate this element as well.

Furthermore, Ms. Hall's request for all accident reports during a specified time period and at a well-defined location is as specific as can fairly be demanded at this point in the proceedings. Obviously, since she has not been given access to any reports, she is in no position to allege whether any accidents have in fact occurred at the same location, or, if they have, whether reports of such accidents might be helpful in preparing her defense. This information cannot reasonably be obtained through her own efforts, as the reports are kept confidential by the various departments specified in sections 20012 and 20014. (See *Griffin* v. *Municipal Court* (1977) 20 Cal.3d 300, 307 [142 Cal.Rptr. 286, 571 P.2d 997].) Under the circumstances, no greater degree of specificity is required.

---

[11]The reports sought will undoubtedly include information on the cause of each accident and on the conditions existing at the time. (See § 2407, *ante,* fn. 3.) Thus, the reports may provide evidence that accidents similar to Ms. Hall's were due to circumstances other than the intoxication or recklessness of the driver.

The Department does not contend that Ms. Hall's discovery request is overbroad or that the reports are not relevant to her defense. Its sole objection to her discovery request is based on the asserted confidential status of the reports. The Department contends that in light of this confidential status, Ms. Hall must show that she cannot obtain the necessary information by other means. According to the Department, a "particularized need" for the reports must be demonstrated and the inadequacy of the TASAS information must be established.

However, Ms. Hall's concession that the confidential identifying data may be deleted from the reports makes it unnecessary to consider whether she must show any particularized need for the reports she seeks. The statute provides that these reports must be disclosed to one with a "proper interest." She has demonstrated a "proper interest" in the contents of the reports.[12] Accordingly, her request must be granted.

Ms. Hall is also entitled to discovery of investigative reports prepared by any law enforcement officials, similarly edited to delete identifying information. Section 20014 makes confidential "all reports made to the Department of the California Highway Patrol by any peace officer, member of the Department of the California Highway Patrol, or other employee of the Department of Motor Vehicles and the Department of the California Highway Patrol . . ." as well as the required reports of section 20012. (See *ante*, fn. 3.)

Section 20014 does not contain any provisions for disclosure of reports. However, there is no indication of a legislative intent to provide a greater degree of confidentiality through section 20014 than through section 20012. Therefore, the Department's contention that section 20014 bars disclosure of investigative reports even to persons with a proper interest must be rejected.

Case law has long held that only required reports, not police reports, are confidential. (*People* v. *Ansbro* (1984) 153 Cal.App.3d 273, 277 [200 Cal.Rptr. 210]; *Hodges* v. *Severns* (1962) 201 Cal.App.2d 99, 106 [20 Cal.Rptr. 129].) ■ The Legislature's failure specifically to amend section 20014, when it amended section 20012 to expand disclosure to properly

---

[12]Nothing in this opinion precludes the possibility that Ms. Hall may later establish a proper interest in the identifying data. Although a request for identifying data would implicate the privacy interest which section 20012 protects, that statute nonetheless requires disclosure of such data to a person with a proper interest in it. If and when Ms. Hall asserts such a proper interest, she may request further discovery in the trial court.

interested persons (see *ante,* fns. 7-9 and accompanying text, p. 854), does not compel a contrary conclusion since "[t]o ascertain legislative intent, the court should construe a statute with reference to the whole system of law of which it is a part." (*People* v. *Ruster* (1976) 16 Cal.3d 690, 696 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269].) ■■■ This "whole system of law" contemplates only limited and qualified confidentiality for the identities of persons filing required accident reports. (*Davies, supra,* 36 Cal.3d at pp. 298-299.) Such confidentiality is not impaired by disclosing section 20014 investigative reports, absent identifying data, on the same showing which requires disclosure of section 20012 reports.

In light of the conclusion that Ms. Hall is entitled to the discovery she seeks, it is unnecessary to address the availability of sanctions under Evidence Code section 1042, subdivision (a).

## III.

Ms. Hall has demonstrated that she is a person with a "proper interest" in obtaining the accident reports she seeks, with identifying data deleted. Accordingly, her request for this information must be granted. The alternative writ is discharged, and the petition for writ of prohibition is denied.

Mosk, J., Kaus, J., Broussard, J., Reynoso, J., Grodin, J., and Lucas, J., concurred.