[No. E002380. Fourth Dist., Div. Two. Aug. 14, 1986.]

DONALD ERIC NELSON, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
THE STATE OF CALIFORNIA, Real Party in Interest.

**COUNSEL**

Mack, Hazlewood, Franecke & Tinney, Louis S. Franecke and Michael P. Terrizzi for Petitioner.

No appearance for Respondent.

Robert F. Carlson, Gordon S. Baca, Joseph A. Montoya, Anthony J. Ruffolo and Donna Sue Levit Weissman for Real Party in Interest.

**OPINION**

**KAUFMAN, J.**—Donald Eric Nelson, plaintiff in the underlying personal injury action, sought discovery of a number of California Highway Patrol (CHP) accident investigation reports. His several attempts to obtain the reports or information from the reports having been denied, he petitioned this court for a writ of mandate to require the Riverside Superior Court to compel the requested discovery. This court denied the petition without opinion. However, the California Supreme Court granted a petition for review and retransferred the matter to this court with directions to issue an alternative writ to be heard by this court and ordered on calendar. We complied with the Supreme Court's directions and the matter is now before us for decision. We have concluded the petition for writ of mandate was properly denied in the first instance and accordingly deny issuance of a peremptory writ.

*Facts*

The record made in support of the writ is quite unsatisfactory. We are not furnished even with a copy of plaintiff's complaint and most of the history of plaintiff's first two attempts to obtain the CHP investigative reports is entirely lacking. Nevertheless, we attempt to state the pertinent facts as follows.

Apparently, plaintiff suffered severe personal injuries on May 24, 1984, "while riding in a Ford Motor Company Escort automobile on Interstate 10 near Banning, California. Said automobile rolled, throwing Plaintiff onto

the Highway, crushing his pelvis and causing numerous and severe personal injuries."

As to liability on the part of the State of California we are told: "Among other things, it is alleged that there was a defect caused by either negligence or defective design and construction of the subject Interstate 10 highway at the place of the accident scene."

Although the record contains none of the documents relating thereto, apparently plaintiff first sought all CHP accident investigation reports pertaining to accidents that occurred at or near the scene of plaintiff's accident for some specified period of time. Apparently the state declined to produce those reports asserting among things their confidentiality under sections 20012 and 20014 of the California Vehicle Code. However, in response to the notice to produce the state did apparently voluntarily furnish plaintiff with the TASAS computer printout[1] containing information about all vehicular accidents occurring at or near the scene of plaintiff's accident during the period May 24, 1979, through May 24, 1984. Some 21 accidents appear to be identified in the TASAS printout.

Plaintiff's second request for production of documents demanded production of every document in the possession of the state pertaining to the design and construction of Interstate 10 at or near the accident site. The state apparently produced some documents in response to that request, although plaintiff was apparently not satisfied all the documents he desired were furnished. In any event, however, discovery of the documents relating to the design and construction of the highway are not at issue in the present proceeding and we shall delete all reference to discovery of those documents in our description of the papers subsequently served or filed.

On or after March 8, 1985, plaintiff made a third request to the state for production of documents asking for "[a]ny and all copies of the accident investigative reports prepared by the California Highway Patrol as listed on the attached TASAS computer printout . . . ." The TASAS printout attached to the request was the one previously furnished plaintiff by the state.

The state responded to plaintiff's third request for production with an objection that it called for information that was confidential under Vehicle Code sections 20012 and 20014, coupled with an assertion that the state

---

[1]TASAS is an acronym for a computerized accident data retrieval system maintained by the Department of Transportation. Its full name is the Traffic Accident Surveillance Analysis System and it stores data on all accidents on the state highway system. (See *Davies* v. *Superior Court* (1984) 36 Cal.3d 291, 295, fn. 3 [204 Cal.Rptr. 154, 682 P.2d 349] and accompanying text.)

had fully complied with all discovery legally required in connection with the accident investigation reports by furnishing plaintiff with the TASAS printout.

On or after April 16, 1985, plaintiff filed in the superior court a notice of motion to compel production of the CHP investigative accident reports requested in plaintiff's third request for production. No affidavit or declaration was filed in support of the motion to compel production other than the declaration of plaintiff's attorney, John O. Mack, who stated he had read the memorandum of points and authorities contemporaneously filed and knew "the factual assertions made therein to be true."

The points and authorities referred to in the declaration of Mr. Mack contained only the scant facts concerning the accident and plaintiff's claims as to the condition of the highway quoted above in paragraphs 2 and 3 of this statement of facts. Thereafter, the memorandum stated: "[A] public entity is liable for dangerous conditions to its highway if it had actual or constructive notice of the condition in time to have taken protective measures. [Citation.] [¶] It is clearly known that prior accidents at or near a highway or intersection is one clear indication of the existence of dangerous conditions to the highway." So far as the record discloses that is the totality of the factual showing made by plaintiff in support of his motion to compel production of the CHP accident investigation reports.

In its opposition to plaintiff's motion to compel production the state asserted that both the notice to produce and the motion to compel production of the accident investigation reports were deficient because no good cause for production of the reports had been shown, especially in view of their confidentiality under Vehicle Code sections 20012 and 20014.

In a minute order dated May 16, 1985, the court denied plaintiff's motion to compel production of the CHP accident investigation reports.

Although a complete copy of the document has not been made part of the record, on or about May 29, 1985, plaintiff appears to have served on the state a document entitled "NOTICE OF TAKING DEPOSITION (DUCES TECUM)." This document purported to give notice that on June 19, 1985, the plaintiff would "take the testimony, on oral examination" of "[a]n employee designated by the State of California who has knowledge of, can explain, interpret and has knowledge of what specific data was taken and not taken from the CHP reports for the computer printout attached to this notice and commonly known as TASAS, Selective Record Retrieval. Also, who has knowledge of what all the information, except identity of the parties, is contained in the subject CHP reports."

The state responded that on June 19, 1985, a state employee would be present "who has knowledge of and can interpret and explain the processes involved in TASAS and can interpret and explain the categories of information listed on the TASAS printout attached to Plaintiff's notice." However, the response stated: "The Department of Transportation knows of no individual in its employ who has knowledge of all the information, except identity of the parties, contained in the subject CHP reports beyond that information listed on the TASAS printout attached to Plaintiff's notice."

The state's response further stated: "No CHP reports can or will be produced at said deposition. Plaintiff has previously requested production of these very same documents. The Court sustained the State's objection to the production of these documents on the ground that they are confidential and not discoverable. The State objects to production of said reports as an attempt to circumvent the Court's previous adjudication of this issue. . . ."

Although plaintiff has not made part of the record either its subpoena nor the court's order quashing it, documents which plaintiff has included in the record disclose that on or about June 5, 1985, plaintiff served on the state a subpoena duces tecum requiring production of the CHP accident investigation reports at the deposition of which it had given notice and that thereafter the court quashed the subpoena duces tecum.[2]

On July 31, 1985, plaintiff noticed a motion "To COMPEL DEPOSITION DUCES TECUM" pursuant to its May 29, 1985, notice. The notice of motion to compel states: "Said Motion will be made upon the grounds that the deposition and the requested documents are relevant, material and are not privileged or protected from discovery by any statutory or case law, and that Defendant has refused to bring said documents to the deposition." The notice stated the motion was being based upon "these papers [*sic*], Memorandum of Points and Authorities, and upon such other oral and documentary evidence as may be presented at the hearing of said Motion." So far as the record discloses no declaration of any kind was submitted in support of the motion to compel the deposition. The memorandum of points and authorities did state, however, that "Plaintiff is not interested in the identity of *the reporting parties,* nor is he interested in compromising their privacy interests." (Italics added.)

---

[2]These facts were set forth in substance in the state's memorandum of points and authorities in opposition to plaintiff's motion to compel deposition which plaintiff did include in the record it has submitted. For reasons not apparent, however, although that document states that a copy of the court's order quashing the subpoena is attached as Exhibit "B," plaintiff has failed to include Exhibit "B" or any other copy of the court's order in the record.

By minute order dated August 20, 1985, the court denied the motion to compel deposition. The petition for writ of mandate was filed in this court September 3, 1985.

### Discussion

#### A. *The Motion to Compel Production*

For three separate reasons no writ of mandate may properly issue to require the superior court to compel the state to produce the CHP accident investigation reports pursuant to plaintiff's notice to produce: (1) as to the court's order denying the motion to compel production, the petition for writ of mandate was untimely; (2) the documents sought were privileged; and (3) plaintiff made no showing whatever that the request for production of the accident investigation reports was reasonably calculated to lead to discovery of admissible evidence.

#### 1. *Untimeliness*

Plaintiff's motion to compel production of the CHP accident investigation reports was denied by the court on May 16, 1985. Rather than challenging the court's order at that time, plaintiff sought to achieve his discovery goals by other means and it was not until September 3, 1985, some three and a half months later, that the petition for writ of mandate was filed. A petition for extraordinary writ may be considered at any time, however it is properly denied in the discretion of the court when it has not been sought within the time which an appeal could have been sought had the order been appealable. (*Popelka, Allard, McCowan & Jones* v. *Superior Court* (1980) 107 Cal.App.3d 496, 499 [165 Cal.Rptr. 748]; *Krueger* v. *Superior Court* (1979) 89 Cal.App.3d 934, 938 [152 Cal.Rptr. 870]; *People* v. *Municipal Court (Mercer)* (1979) 99 Cal.App.3d 749, 752 [160 Cal.Rptr. 455]; *Scott* v. *Municipal Court* (1974) 40 Cal.App.3d 995, 996 [115 Cal.Rptr. 620].)

#### 2. *The Reports Requested Were Confidential*

Throughout the papers filed in the superior court and carried forward to the petition filed in this court is found an assertion by plaintiff that the confidentiality prescribed in Vehicle Code sections 20012 and 20014 does not pertain to accident investigation reports prepared by CHP officers but only to those reports required to be filed by persons involved in vehicular accidents. While that may be true as respects section 20012, it is simply not so as to section 20014. Section 20014 expressly applies to "[a]ll required accident reports and supplemental reports *and all reports* made to the De-

partment of the California Highway Patrol *by any peace officer, member of the Department of the California Highway Patrol,* or other employee of the Department of Motor Vehicles and the Department of the California Highway Patrol.'' (Italics added.)

While plaintiff is correct that much of the information contained in such reports is not considered confidential (see *Davies* v. *Superior Court, supra,* 36 Cal.3d 291, 298-300; see also *State of California* ex. rel. *Dept. of Transportation* v. *Superior Court (Hall)* (1985) 37 Cal.3d 847, 853 [210 Cal.Rptr. 219, 693 P.2d 804] [referred to hereafter as the *Hall* decision]), plaintiff's notice to produce requested the reports themselves, including the names and addresses of the persons involved in the accidents. These are confidential under the statute. As the court stated in *Davies*: ''A construction which limits confidentiality of accident reports to the reports themselves and to identifying data is consistent with the need for careful balancing of the rights of parties seeking discovery and those of the party or persons for whose benefit confidentiality is created. [Citations.]'' *(Davies* v. *Superior Court, supra,* 36 Cal.3d 291, 300; see also *(Hall), supra,* 37 Cal.3d 847, 853.)

### 3. *Showing of Good Cause*

■ Subdivision (b) of section 2031 of the Code of Civil Procedure provides that if a party objects to a request to produce documents or things, the requesting party ''may move for an order for compliance under subdivision (a) of Section 2034.'' Subdivision (a) of section 2034 in turn authorizes an order compelling production of the book, document or thing only ''if good cause is shown.''

Code of Civil Procedure section 2036 provides: ''(a) A party required to show 'good cause' to obtain discovery under any provisions of Chapter 2 (commencing with Section 1985) or of Article 3 (commencing with Section 2016) of Chapter 3 of this title shall show specific facts justifying discovery and that the matter is relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence. [¶] (b) The showing set forth in subdivision (a) of this section and any showing made in opposition thereto shall be made in the trial court prior to that court's determination of the matter.''

However, relying on a passage from the *Davies* decision, plaintiff asserts that the only showing he was required to make was that other accidents had occurred at or near the same portion of the highway where plaintiff's accident occurred and that investigative reports concerning those other accidents existed. The passage to which plaintiff refers reads: ''The State's claim that

discovery is not warranted because the evidence disclosed would not itself be admissible is untenable. It is settled that admissibility is not prerequisite to discovery. [Citations.] TASAS data regarding other accidents, diagrams, and other information in the possession of the State about those accidents are all relevant to the subject matter of a lawsuit arising out of another accident at the same location, and may aid in the parties' preparation for trial. Discovery is, therefore, permitted. [Citations.]" (*Davies* v. *Superior Court, supra,* 36 Cal.3d 291, 301, fn. omitted.)

The critical point plaintiff fails to recognize is that what the court was considering in *Davies* and what it there held discoverable were the TASAS data. Those data have been supplied to plaintiff by the state in the case at bench, and what plaintiff sought in his third request for production of documents were the reports themselves, including the names and addresses of the parties involved in the accidents. In view of the confidentiality of the reports themselves and of the identifying information (*Davies* v. *Superior Court, supra,* 36 Cal.3d 291, 298-300), it is obvious some greater showing of good cause was required to compel production of the reports themselves than would have been required to compel production of the nonconfidential TASAS data. (Cf. *People* ex. rel. *Dept. of Transportation* v. *Superior Court* (1976) 60 Cal.App.3d 352, 360 [131 Cal.Rptr. 476]); also cf. *(Hall), supra,* 37 Cal.3d 847, 855.)

The *Hall* decision authorized disclosure of reports of other accidents to one accused of a crime arising out of an accident at about the same location, *with the deletion of the names, addresses, or other information* that could identify the persons involved. Nevertheless, it affirmed that a showing of good cause is required even under criminal discovery rules to preclude the possibility the requesting party is engaged in a "fishing expedition." (*Id.,* at p. 855, citing *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 538 [113 Cal.Rptr. 897, 522 P.2d 305], and *People* v. *Municipal Court (Street)* (1979) 89 Cal.App.3d 739, 750-751 [153 Cal.Rptr. 69].)

Civil discovery, unlike discovery in criminal cases, is governed by statute (see *(Hall), supra,* 37 Cal.3d 847, 852; *Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531, 535), and a showing of good cause is statutorily required to compel production in civil cases even with respect to nonconfidential matter. (Code Civ. Proc., §§ 2031, subd. (b), 2034, subd. (a), 2036.) Here, despite having been supplied the TASAS data, plaintiff made no showing whatever of any use for the reports other than his speculation that after examining the reports he might be able to formulate some viable theory of liability on the part of the state. There was no showing whatever that any

of the other accidents was even remotely the same factually as plaintiff's. Plaintiff's purpose in requesting the reports, so far as was shown, was precisely the type of "fishing expedition" not authorized even when the requesting party is charged with crime on account of a vehicular accident. Without a showing the other accidents were or might have been even remotely similar in nature to his own, plaintiff failed to show his request was reasonably calculated to discover admissible evidence. (Code Civ. Proc., § 2036.)

## B. *The Motion to Compel Deposition (Duces Tecum)*

Although plaintiff's notice of motion to compel the deposition did not specifically indicate plaintiff was not seeking the identity of the reporting CHP officers or the identity of the persons involved in the accidents listed on the TASAS printout, his notice of taking of deposition did request the appearance of an employee *"who has knowledge of what all the information, except identity of the parties,* is contained in the subject CHP reports." (Italics added.) Additionally, the points and authorities filed by plaintiff in support of the motion to compel the deposition did contain a statement that "Plaintiff is not interested in the identity *of the reporting parties,* nor is he interested in compromising their privacy interests." (Italics added.) Thus, although the moving papers cannot be said to be free of ambiguity, we perceive that what plaintiff wanted was the appearance of a state employee with the accident investigation reports in hand who could then be asked to state orally the information contained in the reports except for information that could identify the reporting officers or the persons involved in the accidents. Plaintiff's contention is, as we understand it, that with the identifying information excluded or deleted, the other information in the accident investigation reports was outside the cloak of confidentiality established by Vehicle Code sections 20012 and 20014.

Plaintiff's conclusion to that effect appears to be well founded on the basis of the *Davies* decision and the subsequent *Hall* decision. "As *Davies* found, section 20012 is intended to protect the identity of the reporting party from indiscriminate disclosure. (*Davies, supra,* 36 Cal.3d at p. 299.) The Legislature did not intend to preserve the confidentiality of any information about the accident other than the identity of the reporting person. 'Since highway accidents are public occurrences, and are often the object of press reports, it seems unlikely that the legislative purpose was to keep confidential either the fact of the accident or information about its nature and causation. Nor is there any reason to protect the identity of the investigating officer since that information is also readily available from other sources. It seems probable, therefore, that the Legislature intended to protect the privacy of the reporting parties by keeping confidential their identities

and information that might disclose identity.' (*Ibid.*)" ((*Hall*), *supra*, 37 Cal.3d 847, 853.)

But that does not answer the question confronting us, whether the trial court abused its discretion in denying plaintiff's motion to compel the so-called deposition duces tecum. We conclude the answer to that question is "No," because (1) plaintiff's notice of the taking of the deposition included no requirement that the accident investigation reports be produced at the deposition and (2) in any event, again, no showing whatever of good cause for the production of the accident investigation reports was made by plaintiff.

### 1. *Sufficiency of the Notice*

Although the term deposition duces tecum may be aptly descriptive of what plaintiff had in mind, that term finds no recognition in the discovery statutes. The statutes provide two alternative methods for obtaining the attendance of a party to a civil action to give testimony with respect to books, documents or other things. Subdivision (a) of Code of Civil Procedure section 2016 authorizes one method: the "attendance of witnesses or the production of books, documents, or other things at depositions may be compelled by the use of subpoena as provided in Chapter 2 (commencing with Section 1985) of Title 3 of Part 4."

Apparently plaintiff attempted to pursue this method, but his subpoena was quashed by the court. The propriety of that order of the court is not before us in this proceeding.

The alternative method is found in Code of Civil Procedure sections 1987 and 2019. Subdivision (b) of Code of Civil Procedure section 1987 provides that the attendance of a party at deposition may be obtained by notice rather than subpoena. Subdivision (c) of section 1987 provides that the notice "*may include a request* that such party . . . bring with him books, documents or other things" provided it "is served at least 20 days before the time required for attendance" and specifies "*the exact materials or things desired.*" (Italics added.)

Subdivision (a)(5) of Code of Civil Procedure section 2019 provides: "In the case of depositions for which the production of books, documents, or other things is required of a party to the record of any civil action . . ., the service of a subpoena duces tecum and affidavit upon that person is not required if *proper notice* is served upon the attorney of the party . . . ." (Italics added.) Since the content of a "proper notice" is not otherwise specified, presumably the content of a "proper notice" would be as provided

in subdivision (c) of section 1987 just quoted, that is, setting forth a request that the party bring with him certain books, documents or other things identified in the notice.

Here the notice of taking of deposition contained no request that the deponent bring with him or her the accident reports or any other documents or records, nor did it specify "the exact materials or things desired." It was therefore entirely insufficient to support an order compelling the state to bring the accident reports to the noticed deposition.

## 2. *Lack of Showing of Good Cause*

Under part A.3 above, we discussed and rejected plaintiff's argument that to compel production of the accident investigation reports he was not required to make any showing of good cause except that he had been involved in an accident at or near the same place the other accidents occurred. He makes fundamentally the same argument in connection with his motion to compel the so-called deposition duces tecum. Again, he is incorrect.

If a party utilizes a subpoena duces tecum to require another party to testify in respect to books, documents or other things, the subpoena duces tecum must be served with "[a] copy of an affidavit . . . showing good cause for the production of the matters and things described in such subpoena, specifying the exact matters or things desired to be produced, setting forth in full detail the materiality thereof to the issues involved in the case . . . ." (Code Civ. Proc., § 1985.)

If the party seeking to take such a deposition employs the notice technique in lieu of a subpoena duces tecum and if, as occurred here, the party to be deposed files written objections to the request that he bring with him books, documents or other things to the deposition, the requesting party may obtain an order to compel attendance and production by filing a noticed motion "accompanied by a showing of good cause and of materiality of the items to the issues." (Code Civ. Proc., § 1987, subd. (c); see also Code Civ. Proc., § 2034, subd. (a) ["The proponent . . . may move the court in which the action is pending . . . for an order compelling an answer *or if good cause is shown,* the production of the book, document, or other thing."] (Italics added.).)

Here, plaintiff made no showing whatever of good cause in support of his motion to compel the so-called deposition duces tecum. The motion was not even made on the usual basis of "all of the documents and papers in the file" which would at least have included the scant factual assertions made in support of the motion to compel production of the reports quoted

in paragraphs 2 and 3 of our statement of facts. The motion to compel deposition was based on only "these papers [presumably the notice of motion], Memorandum of Points and Authorities, and upon such other oral and documentary evidence as may be presented at the hearing of [the] Motion." The record contains no transcript of the hearing on the motion and we are unaware of any presentation of evidence, either oral or documentary, at the hearing. The memorandum of points and authorities contains the same factual assertions quoted in paragraphs 2 and 3 of our statement of facts above, but in this instance the moving papers included no declaration by plaintiff's attorney or anyone else to properly place those facts before the court.

Thus, the record is devoid of evidence of any attempt on the part of plaintiff to show good cause for compelling the so-called deposition duces tecum. Even if the scant factual assertions made in support of the motion to compel production were considered, they were not, as we have already pointed out, sufficient to establish good cause in respect to any or all of the 21 accident investigation reports identified in the TASAS printout in the absence of some indication that one or more of those accidents was even remotely similar in nature to plaintiff's.

The *Hall* decision is in no way inconsistent with these conclusions. In that case the court pointed out that the statute expressly authorizes disclosure of reports to specified persons and persons with a "proper interest" in them (Veh. Code, § 20012). *((Hall), supra,* 37 Cal.3d 847, 854.) The court then concluded, based on the fact that discovery in criminal cases has been developed by the courts in aid of the accused's right to an intelligent defense and a fair trial *(id.,* at p. 852), "that a person charged with a crime arising from an automobile accident may establish a 'proper interest' in obtaining the reports of other accidents at the same location." *(Id.,* 37 Cal.3d at p. 855.)

Even in the context of criminal discovery, however, the requesting party is required to make some showing of good cause "to preclude the possibility that he is engaged in a 'fishing expedition.'" *(Id.,* at p. 855.) And the court expressly noted that "Ms. Hall's request for all accident reports during a specified time period and at a well-defined location is as specific as can fairly be demanded at this point in the proceedings. Obviously, since she has not been given access to any reports, she is in no position to allege whether any accidents have in fact occurred at the same location, or, if they have, whether reports of such accidents might be helpful in preparing her defense." *(Id.,* at p. 856.)

In the case at bench, of course, plaintiff has already been furnished the TASAS data and by setting forth in a declaration some of the circumstances

and particulars concerning plaintiff's accident and using the TASAS data or information obtainable through interrogatories to establish some similarity between plaintiff's accident and one or more of the accidents the investigation reports concern, plaintiff should be able to make a sufficient showing that the reports requested are "relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence" in compliance with Code of Civil Procedure section 2036. While as stated in *Hall,* a criminally accused "need not set forth the defense for which he seeks the information" (*(Hall), supra,* 37 Cal.3d 847, 855), plaintiff is seeking discovery in a civil action and is required by the applicable statutes to make a showing of good cause as a prerequisite to invoking the coercive powers of the court.

### *Disposition*

The petition for peremptory writ of mandate is denied. The alternative writ heretofore issued is discharged.

Rickles, Acting P. J., and McDaniel, J., concurred.