Filed 4/26/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. DEPARTMENT OF TRANSPORTATION,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF VENTURA COUNTY,<br><br>    Respondent;<br><br>IRENE PANIAGUA et al.,<br><br>    Real Parties in Interest. | 2d Civ. No. B315611<br>(Super. Ct. No. 56-2019-00528591-CU-PO-VTA)<br>(Ventura County) |

       In wrongful death and personal injury actions arising from traffic accidents, are plaintiffs entitled to know the personal information of parties and witnesses involved in previous accidents in the same location?  Yes, if they have a "proper interest."  (Veh. Code, § 20012.)

       Petitioner State of California ex rel. Department of Transportation (the State) is a defendant in an action in which plaintiffs seek damages for wrongful death and personal injuries suffered in an automobile collision.  The superior court ordered the State to produce unredacted accident reports revealing the names, addresses, and telephone numbers

of the parties and witnesses involved in accidents that occurred in the same area.  *State of California ex. rel. Dept. of Transportation v. Superior Court (Hall)* (1985) 37 Cal.3d 847 (*Hall*) takes us to our destination.  We deny the State's petition for a writ of mandate.

FACTS

On October 12, 2018, Moises Paniagua was driving northbound on Walnut Canyon Road approaching a left curve in the roadway at Broadway Road.  Lisa Kinsey was traveling eastbound on Broadway Road approaching Walnut Canyon Road.  Kinsey allegedly failed to keep her vehicle in her lane of travel and struck Paniagua's vehicle, killing him.

In 2019, plaintiffs/real parties in interest (Plaintiffs), the wife and minor children of Paniagua, sued Kinsey for negligence.  They also sued the City of Moorpark, the City of Ventura, and the State of California for a dangerous condition on public property (Gov. Code, § 835) and negligent or wrongful act or omission of an employee (*id.*, § 815.2). Plaintiffs allege:  (1) prior to the accident on October 12, 2018, "other incidents of the same or similar type occurred at the same location as a result of vehicles crossing into opposing lanes of traffic and crashing into each other"; and (2) the location where the accident occurred was a dangerous curve and/or a dangerous section of public roadway that Moorpark, Ventura, and the State knew or should have known about.

During discovery, the State produced three traffic accident reports concerning accidents that occurred at or near the site of the October 12, 2018, accident.  The names and contact information of the parties involved and witnesses to the prior traffic accidents were redacted from the reports.  Plaintiffs propounded special interrogatories, set two, Nos. 118 through 123 (special interrogatories) that sought the names, addresses, and telephone numbers for all persons identified as parties or witnesses to the traffic accidents reported in the three redacted reports previously produced (accidents on December 28, 2010, March 31, 2014, and September 8, 2015).

2

The State objected to the special interrogatories arguing, "The information requested is protected from disclosure by California Vehicle Code section 20012." Plaintiffs filed a motion to compel further responses on the ground that they have a "proper interest" in the contents of the related traffic accident reports, pursuant to Vehicle Code section 20012.[1] Plaintiffs contended the facts of the three traffic collisions specified in the special interrogatories are substantially similar to the subject collision.

Plaintiffs contended that the three accidents, as well as the accident involved in this case, occurred at the curve in the road where State Route 23 intersects with Broadway Road and Happy Camp Road. Plaintiffs contended that in each accident the southbound driver crossed over the center divider and collided head-on with the vehicle traveling in the northbound direction. In the three incidents, as well as in this case, serious injury or death resulted from the accidents. In its opposition to the motion to compel, the State did not dispute Plaintiffs' characterization of the accidents as similar in nature to the current accident.

The superior court granted Plaintiffs' motion to compel further responses to the special interrogatories. It concluded that accident reports prepared by peace officers are not confidential under section 20014, and, therefore, the confidentiality provisions of section 20012 do not apply. (Citing *People v. Ansbro* (1984) 153 Cal.App.3d 273, 276-277.) The court did not reach the issue whether Plaintiffs were persons with a proper interest in the unredacted reports pursuant to section 20012. The court ordered the State to produce unredacted accident reports showing the names, addresses, and telephone numbers of involved parties and witnesses.

This petition followed.

---

[1] All further statutory references are to the Vehicle Code unless otherwise stated.

3

DISCUSSION

"[W]rit review of discovery rulings are limited to situations where (1) the issues presented are of first impression and of general importance to the trial courts and to the profession [citation], (2) the order denying discovery prevents a party from having a fair opportunity to litigate his or her case [citations], or (3) the ruling compelling discovery would violate a privilege [citations]." (*Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1061, disapproved on another ground in *Williams v. Superior Court* (2017) 3 Cal.5th 531, 555-556, 557-558, fn. 8; see also *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1273-1274.) Generally, "[w]e review the trial court's grant or denial of a motion to compel discovery for an abuse of discretion." (*Williams*, at p. 540.) But "where the propriety of a discovery order turns on statutory interpretation, an appellate court may determine the issue de novo as a question of law." (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.)

The State contends the superior court "abused its discretion when it ruled that personally identifiable information in traffic collision reports prepared by the California Highway Patrol [was] not protect[ed] from disclosure under Vehicle Code section 20014." The State argues that it has complied with the requirements of sections 20012 and 20014 by releasing the redacted accident reports to Plaintiffs and the court erred in ordering the unredacted reports released to Plaintiffs.

Plaintiffs argue that under section 20012 they have a proper interest in the disclosure of unredacted police reports, including "the names and addresses of persons involved or injured in, or witnesses to, an accident." They are parties to a civil lawsuit alleging defective road design. Discovery into similar crashes is, therefore, likely to lead to the discovery of admissible evidence, e.g., to prove that the State had notice of the dangers associated with its roadway. (*Genrich v. State of California* (1988) 202 Cal.App.3d 221, 227 [where the circumstances are similar, other accidents may be proved to show a defective or dangerous condition or knowledge or notice thereof].)

4

Section 20012 provides:  "All required accident reports, and supplemental reports, shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles and the Department of the California Highway Patrol, *except* that the Department of the California Highway Patrol or the law enforcement agency to whom the accident was reported *shall disclose the entire contents of the reports, including, but not limited to, the names and addresses of persons involved or injured in, or witnesses to, an accident*, the registration numbers and descriptions of vehicles involved, the date, time and location of an accident, all diagrams, statements of the drivers involved or occupants injured in the accident and the statements of all witnesses, *to any person who may have a proper interest therein, including, but not limited to*, the driver or drivers involved, or the guardian or conservator thereof, the parent of a minor driver, the authorized representative of a driver, or to any named person injured therein, the owners of vehicles or property damaged thereby, persons who may incur civil liability, including liability based upon a breach of warranty arising out of the accident, and any attorney who declares under penalty of perjury that he or she represents any of the above persons."  (Italics added.)

Section 20014 provides:  "All required accident reports and supplemental reports and all reports made to the Department of the California Highway Patrol by any peace officer, member of the Department of the California Highway Patrol, or other employee of the Department of Motor Vehicles and the Department of the California Highway Patrol, shall be immediately available for the confidential use of any division in the department needing the same, for confidential use of the Department of Transportation, and, with respect to accidents occurring on highways other than state highways, for the confidential use of the local authority having jurisdiction over the highway."

In enacting section 20012, "the Legislature intended to protect the privacy of the reporting parties by keeping confidential their identities and information that might disclose identity."  (*Davies v. Superior Court*

5

(1984) 36 Cal.3d 291, 299.)  There was no legislative intent to keep confidential "either the fact of the accident or information about its nature and causation."  (*Ibid.*)  "Case law has long held that only required reports, not police reports, are confidential.  [Citations.]  The Legislature's failure specifically to amend section 20014, when it amended section 20012 to expand disclosure to properly interested persons . . . does not compel a contrary conclusion since '[to] ascertain legislative intent, the court should construe a statute with reference to the whole system of law of which it is a part.'  [Citation.]  This 'whole system of law' contemplates only limited and qualified confidentiality for the identities of persons filing required accident reports.  (*Davies*, *supra*, 36 Cal.3d at pp. 298-299.)  Such confidentiality is not impaired by disclosing section 20014 investigative reports, *absent identifying data*, on the same showing which requires disclosure of section 20012 reports." (*Hall*, *supra*, 37 Cal.3d at pp. 857-858, italics added.)

The California Supreme Court in *Hall* allowed the defendant/petitioner (Hall) access to traffic accident investigative reports, absent identifying data.  The court concluded that Hall had "demonstrated that she is a person with a 'proper interest' in obtaining the accident reports she seeks, with identifying data deleted."  (*Hall*, *supra*, 37 Cal.3d at p. 858.)  The Supreme Court noted, "Hall's concession that the confidential identifying data may be deleted from the reports makes it unnecessary to consider whether she must show any particularized need for the reports she seeks.  The statute provides that these reports must be disclosed to one with a 'proper interest.'  She has demonstrated a 'proper interest' in the contents of the reports."  (*Id.* at p. 857.)  In a footnote, the court then stated:  "Nothing in this opinion precludes the possibility that Ms. Hall may later establish a proper interest in the identifying data.  Although a request for identifying data would implicate the privacy interest which section 20012 protects, that statute nonetheless requires disclosure of such data to a person with a proper interest in it.  If and when Ms. Hall asserts such a proper

6

interest, she may request further discovery in the trial court." (*Id.* at p. 857, fn. 12.)

The court also noted, "Nothing in the language of section 20012 excludes persons involved in other accidents from the class of persons with a 'proper interest' in the reports of a given accident. The statute provides that the reports shall be disclosed 'to any person who may have a proper interest therein, *including, but not limited to*, the driver or drivers involved . . . .' (Italics added.) It clearly contemplates that persons other than those involved in the reported accident may have a 'proper interest' in the reports." (*Hall, supra*, 37 Cal.3d at p. 855, fn. 10.) Plaintiffs are just such "persons involved in other accidents" and they may have a proper interest in the unredacted accident reports. (*Ibid.*)

The State argues the superior court did not make a finding as to whether Plaintiffs have a proper interest in the unredacted accident reports pursuant to sections 20012 and 20014, and the issue cannot be raised for the first instance in this court. Plaintiffs raised this issue below and repeatedly argued they were persons with a proper interest in the reports, as provided in section 20012. The court did not reach this issue because it apparently thought the unredacted accident reports were categorically discoverable under section 20014.

Plaintiffs have shown the accidents are similar in nature and the evidence of the reported accidents "either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." (Code Civ. Proc., § 2017.010; see *Nelson v. Superior Court* (1986) 184 Cal.App.3d 444, 453 ["[w]ithout a showing the other accidents were or might have been even remotely similar in nature to his own, plaintiff failed to show his request was reasonably calculated to discover admissible evidence"].) There was no dispute in the superior court that the prior traffic accidents occurred in the same location, under similar circumstances, and similarly resulted in serious injuries or death. This is sufficient to demonstrate that Plaintiffs are persons with a "proper interest" in obtaining the unredacted accident reports they seek. (§ 20012.) The court's detour arrived at the right destination. There

7

was no error in granting Plaintiffs' motion to compel further responses to the special interrogatories.

DISPOSITION

The State shall reveal the information the Plaintiffs/real parties in interest seek.  The petition for a writ of mandate is denied.  The temporary stay is vacated.  Plaintiffs/real parties in interest are awarded costs.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)

<u>CERTIFIED FOR PUBLICATION.</u>



GILBERT, P. J.


We concur:



YEGAN, J.



TANGEMAN, J.


8

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Erin E. Holbrook, Chief Counsel, Jerald M. Montoya, Deputy Chief Counsel, and Alexander Prieto for Petitioner.

No appearance for Respondent.

The Simon Law Group, Thomas J. Conroy and Lucas Whitehill for Real Parties in Interest.